FILED
United States Court of Appeals
Tenth Circuit

April 19, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JIANLIN ZHANG,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 09-9528
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **HOLMES**, Circuit Judges.


The Board of Immigration Appeals (BIA or Board) affirmed an

Immigration Judge's denial of Jianlin Zhang's applications for adjustment of

status and cancellation of removal and denied his motion for reconsideration.  He

petitions this court for review of the Board's denial of his motion for

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reconsideration. We dismiss in part and deny in part Mr. Zhang's petition for review.

## *Background*

Mr. Zhang, a Chinese citizen, was admitted to the United States on January 9, 1995. He entered the United States as a nonimmigrant alien on a K-1 visa, solely to conclude a valid marriage to his fiancée, Sally Li, a United States citizen. Under the terms of his K-1 visa, Mr. Zhang was not permitted to remain in the United States for longer than ninety days, unless he married Ms. Li. Mr. Zhang never married Ms. Li, but he remained in the United States without authorization, changing his address twice without notifying the Attorney General and working at various times without authorization. In February 2001, Mr. Zhang married a different United States citizen. He and his wife have two United-States-citizen children.

The Department of Homeland Security placed Mr. Zhang in removal proceedings in 2006. He conceded removability and filed applications for cancellation of removal under 8 U.S.C. § 1229b(b), for adjustment of status under 8 U.S.C. § 1255(i), and for voluntary departure. Mr. Zhang presented evidence in support of his claims at a hearing before an Immigration Judge (IJ). The IJ denied Mr. Zhang's applications for adjustment of status and cancellation of removal, but granted his request for voluntary departure. The BIA affirmed the IJ's decision and dismissed his appeal on November 10, 2008. Mr. Zhang did not

file a petition for review. Instead, he filed a motion asking the Board to reconsider its decision, which the Board denied on April 20, 2009. He then filed a timely petition for review of the BIA's denial of his motion for reconsideration.

*Jurisdiction and Standard of Review*

This court has jurisdiction to determine its jurisdiction. *See Latu v. Ashcroft*, 375 F.3d 1012, 1017 (10th Cir. 2004). Our jurisdiction to review a final order of removal arises under 8 U.S.C. § 1252(a)(1), but a petition for review must be filed within 30 days after the date of the final order of removal, 8 U.S.C. § 1252(b)(1). Therefore, although Mr. Zhang purports to raise issues related to the BIA's order affirming the IJ's denial of his applications for adjustment of status and cancellation of removal, we do not have jurisdiction to review that decision because Mr. Zhang failed to file a timely petition for review. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). We do have jurisdiction to review the Board's denial of Mr. Zhang's motion for reconsideration. *See id.* at 1361-62 (holding motions to reopen and reconsider are subject to judicial review and reviewing denial of motion to reopen, despite lack of jurisdiction to review underlying order that was not timely appealed). But our jurisdiction extends only to issues that would have been reviewable on appeal of the underlying order. *Cf. id.* at 1362. Here, Mr. Zhang's claims on appeal relate to his applications for cancellation of removal under 8 U.S.C. § 1229b and adjustment of status under 8 U.S.C. § 1255. While we are statutorily precluded

from reviewing "any judgment regarding the granting of relief under" those sections, 8 U.S.C. § 1252(a)(2)(B)(i), we nonetheless have jurisdiction to review "constitutional claims or questions of law" regarding the BIA's denial of his applications, *id.* at § 1252(a)(2)(D).

We review the Board's denial of a motion for reconsideration for an abuse of discretion. *See Belay-Gebru v. I.N.S.*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003). Legal error by the Board is "presumptively an abuse of discretion." *S. Utah Wilderness Alliance v. Bureau of Land Mgmt.*, 425 F.3d 735, 750 (10th Cir. 2005). We review the BIA's legal determinations de novo. *Lockett v. I.N.S.*, 245 F.3d 1126, 1128 (10th Cir. 2001).

### *Discussion*

Mr. Zhang applied for two forms of relief from removal: adjustment of status to that of a lawful permanent resident alien, or alternatively, cancellation of removal. We address Mr. Zhang's claims regarding each of these applications in turn.

### *Adjustment of Status*

In order to understand Mr. Zhang's argument regarding his application for adjustment of status, some background on the nature of his nonimmigrant status is helpful. He entered the United States as a nonimmigrant alien on a K-1 visa, as the "fiancé. . . of a citizen of the United States . . . who seeks to enter the United States solely to conclude a valid marriage with [his citizen fiancée]." 8 U.S.C.

-4-

§ 1101(a)(15)(K)(i).[1]  For such an alien to obtain adjustment of status to that of a lawful permanent resident, he "must proceed through a detailed procedure involving six steps."  *Carpio v. Holder*, 592 F.3d 1091, 1093 (10th Cir. 2010). The first three steps—the citizen fiancée's petition for a K-1 visa for the alien fiancé; the alien fiancé's application for a K-1 visa; and the alien fiancé's entrance into the United States, *see id.* at 1093-94—are not at issue in this case. To satisfy the fourth step, the engaged alien and citizen are required to marry within ninety days of the alien's entry into the United States.  *See id.* at 1094; 8 U.S.C. § 1184(d)(1).  After the marriage has occurred, the alien spouse must apply for adjustment to the status of lawful permanent resident, *see Carpio*, 592 F.3d at 1094; 8 U.S.C. § 1255(a), (d), a status that will initially be granted only on a conditional basis, *see* 8 U.S.C. § 1186a(a)(1).  At the sixth step, the couple may petition to have the conditional basis of the alien's lawful permanent resident status removed.  *See Carpio*, 592 F.3d at 1094; § 1186a(c)-(d).

An alien fiancé who does not satisfy the fourth step in the process, by marrying his citizen fiancée within ninety days of when he enters the United States, must depart the United States and is subject to removal if he does not do so.  *See Carpio*, 592 F.3d at 1094; § 1084(d)(1).  There is no dispute that

---

[1]     Section 1101(a)(15)(K)(i) nonimmigrant status applies to both male and female aliens and citizens.  Because Mr. Zhang is male, we refer here to an alien fiancé and a citizen fiancée.

Mr. Zhang did not marry Sally Li, the United States citizen who petitioned to accord him nonimmigrant status under § 1101(a)(15)(K)(i).  Nor does he contend that he is eligible to seek adjustment of status as the fiancé of a United States citizen other than Ms. Li.  Facing removal, he instead applied for adjustment of status under 8 U.S.C. § 1255(i), but the IJ and the BIA determined he is not eligible for relief under that subsection.  He challenges the BIA's refusal to reconsider that decision as an error of law.

### 8 U.S.C. § 1255

Under 8 U.S.C. § 1255(a), an alien may apply to adjust his status to that of a lawful permanent resident.  But only certain aliens are eligible for adjustment of status.  Subsection (a) itself limits that relief to aliens who were inspected and admitted or paroled into the United States.  *See id.*  As relevant here, two other subsections of § 1255 list additional categories of aliens who are ineligible for relief under subsection (a).  Section 1255(c) provides that subsection (a) is not applicable to eight defined classes of aliens, including aliens who have violated the terms of their nonimmigrant visas.  Section 1255(d) precludes K-1 visa holders, like Mr. Zhang, from obtaining adjustment of status under subsection (a) on any basis other than marriage to a petitioning fiancée.  Subsection (d) provides, in relevant part:

> The Attorney General may not adjust, under subsection (a) of this section, the status of a nonimmigrant alien described in section 1101(a)(15)(K) of this title except to that of an alien lawfully

-6-

> admitted to the United States on a conditional basis under section 1186a of this title as a result of the marriage of the nonimmigrant . . . to the citizen who filed the petition to accord that alien's nonimmigrant status under section 1101(a)(15)(K) of this title.

8 U.S.C. § 1255(d).

Mr. Zhang does not contend that he is eligible for adjustment of status under § 1255(a). He argues instead that the Attorney General has discretion to grant him adjustment of status under § 1255(i), a separate subsection that permits certain aliens physically present in the United States to apply for that relief.[2] The IJ denied Mr. Zhang's application for adjustment of status, holding that the Attorney General is precluded from granting him that relief except as permitted by § 1255(d). The IJ reasoned that the plain language of subsection (d) bars a K-1 visa holder from adjusting to permanent-resident status on any basis other than marriage to the citizen who petitioned on his behalf. The Board adopted and affirmed the IJ's decision and, in response to Mr. Zhang's motion for reconsideration, did not alter its holding.

---

[2] Mr. Zhang contends that he satisfies the requirements of § 1255(i) by (1) being physically present in the United States both at the time of his application and on December 21, 2000; (2) being within one of the otherwise-ineligible alien classes enumerated in § 1255(c); and (3) being the beneficiary of an application for labor certification filed after January 14, 1998, but before April 30, 2001. *See* § 1255(i)(1)(A)(ii), (B)(ii), (C). Having held that he was ineligible for adjustment of status under § 1255(i) as a matter of law, neither the IJ nor the BIA determined whether Mr. Zhang sustained his burden to establish these facts.

The Board based its holding on decisions by the Ninth and Fourth Circuits that addressed a K-1 visa holder's eligibility to apply for adjustment of status under § 1255(i). In *Kalal v. Gonzales*, 402 F.3d 948 (9th Cir. 2005), the Ninth Circuit considered circumstances nearly identical to this case: the alien had entered the United States on a K-1 visa; she did not marry her petitioning United-States-citizen fiancé within ninety days of her arrival; she remained in the United States; and she later married a different United States citizen. *See id.* at 949-50. She nonetheless sought to avoid removal by applying for adjustment of status under § 1255. The court construed subsection (d) to preclude the Attorney General from granting her that relief. *See id.* at 951. As to her claim she could nonetheless apply for adjustment of status under § 1255(i), the Ninth Circuit examined the text of that subsection, which begins, "Notwithstanding the provisions of subsections (a) and (c) of this section . . . ." Noting the absence of any reference to subsection (d), the court reasoned that subsection (i) therefore only provides relief notwithstanding the restrictions stated in subsections (a) and (c), and therefore the restrictions on obtaining adjustment of status in subsection (d) remained in effect. *See id.* at 951-52.

Therefore, the court in *Kalal* concluded, a K-1 visa holder must still comply with the "specific restrictive process for holders of that kind of visa," and that § 1255(i) did not, on its face, create any exception to that "carefully crafted scheme that Congress created for the purpose of avoiding marriage fraud." *Id.* at

-8-

952.  Because Ms. Kalal had not complied with the applicable statutory requirements, she was properly ordered removed.  *See id.*; *see also Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir. 2007) (following *Kalal* and holding that the plain language of § 1255(d) precluded a K-1 visa holder from adjusting status on any basis other than his marriage to the K-1 visa sponsor).

Mr. Zhang argues that the Board misconstrued §§ 1255(a), (d), and (i) to preclude him from applying for adjustment of status.  This argument is properly before the court.  *See Brue v. Gonzales*, 464 F.3d 1227, 1231 (10th Cir. 2006) (reviewing question of law turning on interpretation of applicable statutory section).

### *Statutory Construction*

"We begin by analyzing the plain language employed by Congress, and we must give words their ordinary or natural meaning."  *Rosillo-Puga v. Holder*, 580 F.3d 1147, 1153 (10th Cir. 2009) (quotation omitted).  There is an argument to be made that our sister circuits' construction of § 1255(i) is supported by the plain language of that subsection.  It permits two clearly defined categories of aliens, who would otherwise be precluded from applying for adjustment of status under subsection (a), to apply for that relief outside of subsection (a) if they are physically present in the United States.  The aliens eligible for relief under subsection (i) are those who are ineligible for adjustment of status under § 1255(a) because (1) they entered the United States without inspection, *see*

-9-

§ 1255(i)(1)(A)(i); or (2) they fall into one of the eight classes of aliens listed in subsection (c), *see* § 1255(i)(1)(A)(ii). These aliens may apply for relief under subsection (i) "[n]otwithstanding the provisions of subsections (a) and (c)." § 1255(i)(1). As construed by the Ninth and Fourth circuits, this prefatory text is qualifying language, waiving for purposes of an application under subsection (i) only the restrictions in subsections (a) and (c), but not other restrictions, such as those in subsection (d). Indeed, subsection (i) makes no reference to subsection (d). Nor does it provide that the aliens specifically restricted from adjustment of status by subsection (d) are eligible to apply for adjustment under subsection (i). Thus, there is no indication in subsection (i) of an intent to grant the Attorney General discretion to adjust the status of a K-1 visa holder under subsection (i). At best, such intent would be implicit. Under the Ninth and Fourth circuits' reading, subsection (i) explicitly sets aside two--but not all--of the bases for ineligibility under subsection (a), making them inapplicable under subsection (i). And K-1 visa holders must still pursue adjustment of status under subsection (a), subject to the limitations of subsection (d).

Mr. Zhang counters that this construction of § 1255(i) is flawed because § 1255(d), on its face, only limits the Attorney General's discretion to adjust his status under subsection (a). He contends that, if he otherwise establishes eligibility under subsection (i), the Attorney General has discretion to adjust his status under that subsection, regardless of any limitations that would restrict his

-10-

ability to obtain that relief under subsection (a). He asserts there was no reason for Congress to include subsection (d) in the "nothwithstanding" language in subsection (i), because, again, subsection (d) has no relevance except in applications under subsection (a). He argues further that the reference to subsection (a) in subsection (i) "exempts him from the requirements and prohibitions that may attach to an application for adjustment of status under [§] 1255(a)," Pet. Opening Br. at 16, apparently including even restrictions imposed on subsection (a) applications by other subsections, such as subsection (d).

Neither our sister circuits' construction nor Mr. Zhang's construction is wholly without merit, and we are unable to conclude that the statutory language is clear and unambiguous with respect to whether a K-1 visa holder is restricted from obtaining adjustment of status under § 1255 except as provided in subsection (d). The Attorney General argues that the applicable regulations are consistent with the BIA's construction of the relevant provisions of § 1255 in this case and are entitled to *Chevron* deference. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). An agency's construction of a statute it administers may be owed deference by a court when the statute is ambiguous on the issue in question and the agency's reading represents a permissible construction of the statute. *See Rosillo-Puga*, 580 F.3d at 1153

(addressing Attorney General's construction of a separate section of Title 8);

*Hernandez-Carrera v. Carlson*, 547 F.3d 1237, 1244 (10th Cir. 2008) (same).

In implementing 8 U.S.C. § 1255, the Attorney General promulgated

8 C.F.R. §§ 245.1 and 1245.1. Both regulations include the following language:

> (c) Ineligible aliens. The following categories of aliens are ineligible
> to apply for adjustment of status to that of a lawful permanent
> resident alien under section 245 of the Act:
> . . . .
>
> (6) Any alien admitted to the United States as a nonimmigrant
> defined in section 101(a)(15)(K) of the Act, unless:
>
> (i) In the case of a K-1 fiancé(e) . . . , the alien is applying for
> adjustment of status based upon the marriage of the K-1 fiancé(e)
> which was contracted within 90 days of entry with the United States
> citizen who filed a petition on behalf of the K-1 fiancé(e)[.]"

8 C.F.R. §§ 245.1(c)(6)(i); 1245.1(c)(6)(i). Through these regulations, the

Attorney General has construed 8 U.S.C. § 1255 to permit a K-1 visa holder to

apply for adjustment of status only based upon marriage to the petitioning United

States citizen fiancé(e). The agency's reading is reasonable and is a permissible

construction of the statute. We therefore defer to the agency's construction,

which is also consistent with that of the Ninth and Fourth circuits. *See United

States v. Atandi*, 376 F.3d 1186, 1189 (10th Cir. 2004) (deferring to regulation as

-12-

reasonable interpretation of statute and following other Courts of Appeals addressing same issue).[3]

We conclude that Mr. Zhang is ineligible for adjustment of status under § 1255, except to that of an alien lawfully admitted to the United States on a conditional basis under 8 U.S.C. § 1186a as a result of a marriage to Sally Li, the citizen who filed the petition to accord him nonimmigrant status under 8 U.S.C. § 1101(a)(15)(K)(i). *See* 8 U.S.C. § 1255(d), 8 C.F.R. § 245.1(c)(6)(i). Because he failed to marry Ms. Li within ninety days of entering the United States, the BIA did not abuse its discretion in denying Mr. Zhang's motion for reconsideration with respect to its denial of his application for adjustment of status.

### *Cancellation of Removal*

The BIA also affirmed the IJ's denial of Mr. Zhang's application for cancellation of removal under 8 U.S.C. § 1229b(b). In his motion for

---

[3]    Mr. Zhang's reliance on our decision in *Padilla-Caldera v. Gonzales*, 453 F.3d 1237 (10th Cir. 2005), is misplaced. That case involved ambiguity created within § 1255(i) because all applicants for adjustment of status under subsection (i) must be admissible, *see* § 1255(i)(2)(A), yet applicants who are eligible under § 1255(i)(1)(A) are also defined as *in*admissible under 8 U.S.C. § 1182(a). *See Padilla-Caldera*, 453 F.3d at 1241; §§ 1182(a)(6), (a)(9)(B)&(C). Thus, *Padilla-Caldera* addressed a conflict between two sub-parts of § 1255(i) and a separate statutory section, none of which are at issue in this case. Moreover, we noted in a later case that *Padilla-Caldera* was decided without the benefit of a subsequent BIA decision resolving the statutory ambiguity with respect to a different subsection of § 1182(a). *See Herrera-Castillo v. Holder*, 573 F.3d 1004, 1009 (10th Cir. 2009), *petition for cert. filed* (Jan. 25, 2010).

reconsideration, Mr. Zhang argued that the Board applied an incorrect legal standard. We have jurisdiction to review that claim. *See Brue*, 464 F.3d at 1232 (holding court has jurisdiction to review "whether the BIA applied the correct legal standard in making its determination" (quotation omitted)).

Under § 1229b(b)(1), Mr. Zhang was required to satisfy four criteria, only one of which is relevant here. He failed to establish that his removal "would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." § 1229b(b)(1)(D). Mr. Zhang contends that the BIA required him to prove an unconscionable level of hardship, thereby applying a heightened and erroneous legal standard. Based on our review of the record, however, it is clear that the Board applied the correct standard. *See* Admin. R. at 16 ("[W]e cannot find that the Immigration Judge erred in ruling that he failed to sustain his burden of proof with regard to establishing the 'exceptional and extremely unusual hardship' requirement."); *id.* at 17 ("In sum, even considering all of the factors presented cumulatively, we agree with the Immigration Judge's determination that the evidence of record does not indicate that whatever difficulties the respondent's qualifying relatives might face upon his removal to China would rise to the heightened exceptional and extremely unusual standard.").

The gist of Mr. Zhang's argument appears to be that, based on evidence he cites in his appeal brief, (but for which he did not provide citations in his motion for reconsideration), he established unconscionable hardship far exceeding the level required to qualify for cancellation of removal. But the point at which hardship is exceptional and extremely unusual is not a legal standard. It is a judgment call subject to the Attorney General's discretion and therefore is not within our jurisdiction to review. *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262 (10th Cir. 2003). Therefore, we dismiss for lack of jurisdiction Mr. Zhang's petition for review, to the extent he challenges the Board's conclusion regarding his failure to establish the requisite level of hardship in support of his petition for cancellation of removal.

The petition for review is DISMISSED IN PART and DENIED IN PART.

Entered for the Court


Bobby R. Baldock
Circuit Judge

-15-