# MATTER OF STOCKWELL

In Deportation Proceedings

A-28541697

*Decided by Board May 31, 1991*

(1) An alien holding conditional permanent resident status is prohibited by section 245(d) of the Immigration and Nationality Act, 8 U.S.C. § 1255(d) (1988), from adjusting his status under section 245(a).

(2) Section 245(d) of the Act does not prohibit an alien whose conditional permanent resident status has been terminated from adjusting his status under section 245(a).

CHARGE:

Order: Act of 1952—Sec. 241(a)(9)(B) [8 U.S.C. § 1251(a)(9)(B)]—Conditional resident status terminated

ON BEHALF OF RESPONDENT:
James M. Elegante, Esquire
185 S. State Street, Suite 700
Box 11898
Salt Lake City, Utah 84147

ON BEHALF OF SERVICE:
Elizabeth B. Richards
General Attorney

BY: Milhollan, Chairman; Dunne and Vacca, Board Members. Concurring Opinion: Heilman, Board Member. Dissenting Opinion: Morris, Board Member.

In a decision dated November 14, 1989, the immigration judge found the respondent deportable as charged but granted his application for adjustment of status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1988). The Immigration and Naturalization Service has appealed from the grant of that relief. The appeal will be dismissed.

The respondent is a 46-year-old male native and citizen of the United Kingdom. He last entered the United States at Houston, Texas, on April 3, 1987, as a visitor for pleasure. The respondent married a United States citizen, Deborah Sussman, on November 20, 1987, and was granted permanent resident status on a conditional basis under section 216 of the Act, 8 U.S.C. § 1186a (1988), by virtue of that marriage. The respondent's spouse subsequently filed for divorce, and the marriage terminated on November 28, 1988. The respondent married a second United States citizen, Claudia Holbrook, on July 6,

309

1989. She filed a visa petition on his behalf which the Service approved on September 19, 1989.

On July 14, 1989, the Service issued an Order to Show Cause and Notice of Hearing (Form I-221) against the respondent, charging that he was deportable under section 241(a)(9)(B) of the Act, 8 U.S.C. § 1251(a)(9)(B) (1988), as an alien whose conditional permanent resident status had been terminated.

At deportation proceedings on November 14, 1989, the immigration judge found that the Service had shown by clear, unequivocal, and convincing evidence that the respondent was deportable because his conditional permanent resident status had been terminated on July 11, 1989. He also found that the Service's termination of the respondent's conditional permanent resident status was proper because the respondent's spouse had legally terminated the qualifying marriage. The immigration judge further found that the respondent was not eligible for a "hardship" waiver of the joint petition requirement under section 216(c)(4)(A) of the Act.

The immigration judge then considered the respondent's application for adjustment of status under section 245 of the Act on the basis of his second marriage. He noted the Service position that section 245(d) of the Act bars an alien lawfully admitted for permanent residence on a conditional basis from adjusting his status at any time after admission, even if he applies for adjustment after his conditional resident status has been terminated. He found, however, that the statutory language is ambiguous and that the Service's own regulations clearly support the respondent's claim that the prohibition applies to an alien admitted as a conditional permanent resident only while he currently holds that status. The immigration judge found that because the respondent's conditional permanent resident status had been terminated, he was no longer barred by section 245(d) from adjusting his status. The immigration judge also found that the respondent was the beneficiary of an approved visa petition as the immediate relative of a United States citizen, that he was admissible, and that he merited the exercise of discretion in his favor. The immigration judge therefore granted the respondent's application for adjustment of status.[1]

The Service contends on appeal that the immigration judge incorrectly interpreted the language of section 245(d). The Service argues that the clear intent of Congress was to exclude both aliens

---

[1] The immigration judge granted adjustment of status subject to the provisions of section 216 of the Act. Section 216(a)(1) of the Act provides that "[n]otwithstanding any other provision of this Act, an alien spouse (as defined in subsection (g)(1)) ... shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis ...."

currently holding conditional permanent resident status and those who have had such status terminated from the class of aliens eligible to adjust status under section 245(a) of the Act.

Section 245(a) of the Act permits the Attorney General, in his discretion, to accord lawful permanent resident status to an alien who was inspected and admitted or paroled into this country and who is admissible, is eligible to receive an immigrant visa, and has an immigrant visa immediately available to him at the time his application for adjustment of status is filed.

Certain classes of aliens are barred from adjusting their status under section 245(a). Section 245(d) of the Act provides in pertinent part:

> The Attorney General may not adjust ... the status of an alien lawfully admitted to the United States for permanent residence on a conditional basis under section 216.

Section 245(d) was added to the Act by section 2(e) of the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537 (1986) ("IMFA"), as part of a comprehensive statutory scheme to deter immigration-related marriage fraud. *See* H.R. Rep. No. 906, 99th Cong., 2d Sess. 6, *reprinted in* 1986 U.S.C.C.A.N. 5978, 5978. Section 216 of the Act, also added as part of the IMFA, was designed to check the validity of marriages and to ensure that aliens could not sidestep the immigration laws by entering into a fraudulent marriage. *Id.* at 5980.

In promulgating regulations to implement the statutory provisions of the IMFA, the Service provided at 8 C.F.R. § 245.1(b)(12) (1991) that the class of aliens ineligible to adjust status under section 245(a) of the Act includes

> [a]ny alien who is already an alien lawfully admitted to the United States for permanent residence on a conditional basis pursuant to section 216 of the Act.

Clearly, Congress intended to bar adjustment of status during the 2-year conditional period to prevent an alien from circumventing the requirements of section 216. Were it not for the bar on adjustment, an alien who acquired conditional permanent residence through marriage could adjust status on another basis during the conditional period and thereby avoid the requirements for removing the conditional basis of his status under section 216. While the statutory language seems to leave open the question of whether the bar extends to an alien whose status as a conditional permanent resident has been terminated, we agree with the immigration judge that the Service's own implementing regulation clearly applies the bar in section 245(d) only to aliens currently holding conditional permanent resident status. Significantly, the Service does not address the regulatory language on appeal, despite the fact that the immigration judge found it to be dispositive. We find that section 245(d) does not prohibit an alien whose conditional

permanent resident status has been terminated from adjusting his status under section 245(a) of the Act.

Having found that section 245(d) does not bar the respondent from adjusting his status pursuant to section 245(a) of the Act, we will affirm the immigration judge's order granting the respondent adjustment of status based on his marriage to Ms. Holbrook. We note that the Service has cited no adverse discretionary factors that would weigh against a grant of adjustment in this case. The Service approved a visa petition on the respondent's behalf on September 19, 1989, based on his present marriage. Had there been a failure to demonstrate the bona fides of the respondent's present marriage, the Service could have denied the visa petition on that ground. Likewise, had the Service concluded that the respondent's prior marriage was entered into to evade the immigration laws, the Service could have denied the visa petition under section 204(c) of the Act, 8 U.S.C. § 1154(c) (1988). We find that the immigration judge's decision granting the respondent adjustment of status was a reasonable exercise of discretion.

Accordingly, the Service's appeal from the immigration judge's order granting adjustment of status under section 245(a) of the Act will be dismissed.

**ORDER:** The appeal is dismissed.

*CONCURRING OPINION:* Michael J. Heilman, Board Member

I respectfully concur.

In interpreting the language of section 245(d) of the Immigration and Nationality Act, 8 U.S.C. § 1255(d) (1988), we should consider the consequences of a perpetual bar to adjustment of status of a person who has once been granted conditional permanent residence under section 216 of the Act, 8 U.S.C. § 1186a (1988). The category of persons affected by a perpetual bar to adjustment would be large. It could include, among others, the sons and daughters of a conditional permanent resident, or a conditional permanent resident who has through inadvertence lost that status by operation of a statutory provision which automatically divests resident status for failure to file a petition to have the conditional status removed. *See* sections 216(a)(l) and (c)(2) of the Act, respectively. Persons in these circumstances may well be blameless, and the marriages upon which the conditional permanent resident status was based may be bona fide in every sense.

In addition, the termination of conditional permanent resident status has the effect of rendering the individual deportable under section 241(a)(9)(B) of the Act, 8 U.S.C. § 1251(a)(9)(B) (1988). An otherwise innocent party would thus suffer the double dilemma of

312

being deportable and unable to seek relief from deportation if section 245(d) of the Act was interpreted to constitute a perpetual bar to adjustment of status.

In previous interpretations of section 245 of the Act, this Board applied "the well recognized rules of construction that the statute, being a remedial one, must be liberally interpreted to suppress the evil and advance the remedy; and the exception carved out of it must be explained principally in view of the legislative intent." *Matter of Rebelo*, 13 I&N Dec. 84, 86 (BIA 1968).

Adherents of the perpetual bar theory hang their entire argument on the word "admitted," as section 245(d) of the Act states that the Attorney General may not adjust the status of an "alien lawfully admitted to the United States for permanent residence on a conditional basis under section 216." This emphasis on the word "admitted" as decisive evidence of a congressional desire to create a perpetual bar is misplaced. Section 245(c) of the Act employs the same word, or similar words, in barring eligibility for adjustment of status to certain aliens:

(c) Subsection (a) shall not be applicable to (1) an alien crewman; (2) an alien (other than an immediate relative as defined in section 201(b) or a special immigrant described in section 101(a)(27)(H) or (I)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status or who is in unlawful immigration status on the date of filing the application for adjustment of status or who has failed (other than through no fault of his own or for technical reasons) to maintain continuously a lawful status since entry into the United States; (3) any alien admitted in transit without visa under section 212(d)(4)(C); or (4) an alien (other than an immediate relative as defined in section 201(b)) who was admitted as a nonimmigrant visitor without a visa under section 212(1) or section 217.

It is apparent that Congress made several temporal distinctions among the persons described in this section. These include someone "who hereafter continues," someone "who is in" unlawful status on the date of filing, someone "who has failed" to maintain lawful status since entry, and someone who was "admitted in transit without visa" or as a nonimmigrant visitor without a visa. If one simply focuses on the use of the word "admitted" in this section, the perpetual bar interpretation immediately runs into serious difficulty. It may well be that an alien admitted in transit without visa or as a nonimmigrant visitor without a visa may not adjust her status under this section but once this categorization ceases, there is no longer a bar to adjustment. These provisions, which antedate section 245(d) of the Act, provide no precedent for the proposition that Congress intended that persons in these categories be perpetually barred from adjusting their status.

In contrast, when Congress intended that an alien be perpetually barred from an immigration benefit, it employed language that had this effect. This was done, for instance, in section 204(c) of the Act, 8

U.S.C. § 1154(c) (1988). This provision bars the approval of a visa petition on behalf of an alien who has "previously been accorded, or has sought to be accorded," a fraudulent status as the spouse of a United States citizen or lawful permanent resident.

For these reasons, I agree that section 245(d) of the Act should be construed to mean that adjustment of status is barred only if the alien continues to be a conditional permanent resident under section 216 of the Act.

*DISSENTING OPINION:* James P. Morris, Board Member

I respectfully dissent.

I disagree with the finding of the majority that section 245(d) of the Immigration and Nationality Act, 8 U.S.C. § 1255(d) (1988), applies only to an alien who currently holds conditional permanent resident status under section 216 of the Act.

Section 245(d) of the Act provides as follows:

The Attorney General may not adjust ... the status of an alien lawfully admitted to the United States for permanent residence on a conditional basis under section 216.

I agree with the majority opinion that the quoted sentence was added to the Act for the purpose of deterring immigration-related marriage fraud. However, the sentence does not restrict its application to aliens who are admitted on a conditional basis and remain in that status. The language clearly prohibits the Attorney General from adjusting the status of any alien who has been admitted on a conditional basis under section 216.

The majority does not challenge the clarity of the statute. Rather, it relies on the regulation promulgated at 8 C.F.R. § 245.1(b)(12) (1991), which provides that the class of aliens ineligible to adjust under section 245(a) of the Act includes

[a]ny alien who is already an alien lawfully admitted to the United States for permanent residence on a conditional basis pursuant to section 216 of the Act.

I certainly agree with the majority that the regulation issued by the Immigration and Naturalization Service can be read to apply only to those aliens who are currently in conditional status. However, that is not the only reasonable construction of the regulation. The regulation does not address the eligibility for adjustment of status of those aliens whose conditional status has been terminated. Where the statute prohibits such adjustment, and the regulation does not address it, the statute should be applied. In any case the regulation should be construed in a manner that is consistent with the statute. The regulation can reasonably be construed as not having addressed the situation of a conditional permanent resident whose status has been

314

terminated. Moreover, it would frustrate the deterrent purpose of the statute to permit the adjustment of the status of an alien whose status as a conditional permanent resident has terminated because of failure to comply with the requirements of section 216.

It may be argued that, in promulgating the regulation, the Service interpreted the statute to apply only to aliens currently in a conditional status. Since the specific question of the applicability of the statute to aliens whose status has been terminated was not addressed, such an argument is purely speculative. The only evidence of the position of the Service on this issue is the position it presented at the hearing and on appeal. The Service's arguments are that section 245(d) does bar the adjustment of status of any alien who has been admitted on a conditional basis under section 216.

For the foregoing reasons I would sustain the Service's appeal from the immigration judge's grant of adjustment under section 245 of the Act.