Maher Qasem GHAREEB, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–3701.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

Ronald J. Russell, Louisville, KY, for
Petitioner.

Allen W. Hausman, U.S. Department of
Justice, Office of Immigration Litigation,
Washington, DC, for Respondent.

Before KRUPANSKY and CLAY,
Circuit Judges; and HAYNES, District
Judge.*

*ORDER*

Maher Qasem Ghareeb, through counsel,
petitions this court for review of the order

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

of the Board of Immigration Appeals ("BIA"): (1) finding that the immigration judge ("IJ") did not abuse its discretion in denying Ghareeb a hardship waiver, and (2) denying Ghareeb's motion to remand because his last marriage was not entered into in good faith. Ghareeb initially requested oral argument, but failed to renew his request for oral argument after notification that this court was contemplating review of the appeal on the briefs. The Attorney General waived oral argument in his brief. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Ghareeb, a native and citizen of Israel, entered the United States as a conditional permanent resident based upon his marriage to Melissa McIntosh. Ghareeb applied for a petition to remove the conditions on his residence and sought a waiver of the requirement that the petition be jointly filed with a United States citizen spouse, pursuant to Immigration and Nationality Act ("INA") § 216(c)(4), codified at 8 U.S.C. § 1186a(c)(4). Thereafter, a district director of the Immigration and Naturalization Service ("INS") notified Ghareeb that the petition to remove the conditions on his residency status was denied and his conditional resident status was terminated. On the same date, the INS issued a notice to appear to Ghareeb, charging him with deportability under INA § 241(a)(1)(D)(i), 8 U.S.C. § 1231(a)(1)(D)(i), as an alien lawfully admitted as a conditional permanent resident whose status had been terminated because he failed to provide evidence that his marriage had been entered into in good faith.

The IJ denied Ghareeb's application for a hardship waiver, finding that he did not enter into the marriage with Melissa in good faith and that he benefitted from the marriage by receiving an immigration benefit—his conditional residency status.

Ghareeb appealed the IJ's decision and filed a motion to remand with the BIA under 8 C.F.R. § 1003.2(c)(4) to allow him to file a motion for adjustment of status with the IJ. Ghareeb noted that his current spouse's petition on behalf of alien relative (Ghareeb) had been approved. The INS opposed Ghareeb's motion to remand and requested that the BIA dismiss his appeal.

The BIA found that the IJ's denial of Ghareeb's request for a hardship waiver was not an abuse of discretion and dismissed his appeal. The BIA also denied Ghareeb's motion to remand, stating:

One day after filing this appeal, the respondent remarried. The respondent has now filed a motion to remand these proceedings in order to pursue an application for adjustment of status based on this second marriage. The [INS] opposes the motion. We find that the respondent does not merit a remand of these proceedings in the exercise of discretion because we agree with the Immigration Judge that his last marriage was not entered into in good faith. Accordingly, the motion is denied.

Ghareeb timely petitioned this court for review of the BIA's order. Ghareeb argues on appeal that the BIA erred as a matter of law in denying his motion to remand because remand was compulsory, given that he was statutorily eligible for discretionary relief and he was not subject to a final order of removal.

As an initial matter, because Ghareeb's immigration proceedings commenced before April 1, 1997, and a final order of deportation was entered after October 30, 1996, the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104–208, 110 Stat. 3009–546 (1996) ("IIRIRA") govern his petition for review. *Pak v. Reno*, 196 F.3d 666, 670 (6th Cir.1999).

As such, our jurisdiction is governed by former INA § 106, 8 U.S.C. § 1105a (repealed 1996), unless any of IIRIRA's transitional provisions are triggered. *See* IIRIRA § 309(c)(1) & (4) (reprinted in 8 U.S.C. § 1101).

■ "Motions to remand are not expressly addressed by the INA or the regulations." *Matter of Coelho*, 20 I & N Dec. 464, 471 (BIA 1992). Thus, if the motion to remand "simply articulates the remedy requested by an appeal," the BIA will treat the motion as part of the appeal and will not require that it conform to the provisions governing the filing of motions. *Id.* The BIA, however, will characterize a motion to remand as a motion to reopen if the movant requests additional proceedings to present evidence not available during the initial proceedings. *Id.* Although Ghareeb argues that his motion to remand does not fit within either scenario set forth in *Coelho*, he is clearly seeking a remand to present the additional evidence that he remarried after his appeal was taken and is now eligible for an adjustment of status. Ghareeb filed his motion to remand pursuant to 8 C.F.R. § 1003.2, the precursor regulation to 8 C.F.R. § 1003.2, which provides for motions to reopen. 8 C.F.R. § 1003.2(c). Accordingly, the BIA properly characterized his motion to remand as a motion to reopen.

The authority for motions to reopen derives solely from the regulations promulgated by the Attorney General. *INS v. Doherty*, 502 U.S. 314, 322, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The regulations provide that a motion to reopen is "within the discretion of the Board," and that the "Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a); *see also Doherty*, 502 U.S. at 323. Accordingly, we review the denial of a motion to reopen for an abuse of discre-

tion. *Denko v. INS*, 351 F.3d 717, 723 (6th Cir.2003). When considering whether the BIA abused its discretion, this court "must decide whether the denial of [the alien's] motion to reopen deportation proceedings was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Dallo v. INS*, 765 F.2d 581, 588 (6th Cir.1985). The Supreme Court held that a motion to reopen may be denied when the ultimate relief sought is discretionary, if the BIA believes relief would not be granted. *Doherty*, 502 U.S. at 323.

■ The statutes and regulations are unclear as to whether an alien is eligible for adjustment of status whose conditional permanent resident status has been terminated. Pursuant to 8 U.S.C. § 1255, "[t]he Attorney General may not adjust ... the status of an alien lawfully admitted to the United States for permanent residence on a conditional basis...." 8 U.S.C. § 1255(d). Pursuant to 8 C.F.R. § 245.1 an alien is ineligible to apply for an adjustment of status if he is "already an alien lawfully admitted to the United States for permanent residence on a conditional basis pursuant to section 216 of the Act." 8 C.F.R. § 245.1(c)(5). However, the BIA, interpreting 8 U.S.C. § 1255(d), held that an alien whose conditional permanent resident status was terminated was not prohibited from seeking an adjustment of status. *Matter of Stockwell*, 20 I & N Dec. 309, 311–12 (BIA 1991). Thus, Ghareeb could seek an adjustment of status.

■ In the instant case, the BIA specifically stated it was denying Ghareeb's motion to remand in the exercise of its discretion and supported its decision with its conclusion that Ghareeb's first marriage was not entered into in good faith. The BIA supported its denial of Ghareeb's mo-

**660**

tion to remand with a rational explanation. *Dallo*, 765 F.2d at 588. A motion to reopen may be denied when the ultimate relief sought is discretionary, if the BIA believes relief would not be granted. *Doherty*, 502 U.S. at 323. Because the BIA's denial of a motion to remand was supported by a rational explanation, the BIA did not abuse its discretion in denying Ghareeb's motion to reopen.

For the foregoing reasons, Ghareeb's petition for review is denied.