# Matter of Jean Ro Saclolo VALENZUELA, Respondent

*Decided July 20, 2012*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An alien who is admitted to the United States in K-4 nonimmigrant status may only adjust his or her status to that of a lawful permanent resident based on the Petition for Alien Relative (Form I-130) filed by the United States citizen K visa petitioner.

FOR RESPONDENT: Steve V. Lewis, Esquire, Glendale, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Mary J. Hannett, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and CREPPY, Board Members.

MALPHRUS, Board Member:

The respondent has appealed from a decision dated August 19, 2009, in which an Immigration Judge granted her voluntary departure following the denial of her application for adjustment of status. This case addresses the question whether the respondent, who entered the United States on a nonimmigrant K-4 visa as a derivative of her mother's K-3 visa (as the spouse of a United States citizen), may adjust her status to that of a lawful permanent resident based on her own subsequent marriage to a United States citizen.[1] We hold that an alien who is admitted to the United States in K-4 status may only adjust his or her status to that of a lawful permanent resident based on the Petition for Alien Relative (Form I-130) filed by the United States citizen K visa petitioner. The respondent's appeal will therefore be dismissed.

---

[1] Section 101(a)(15)(K) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(K) (2006), lists three nonimmigrant visa categories, including (i) fiancé(e)s seeking to enter the United States to conclude a valid marriage, (ii) aliens married to a United States citizen who has filed a family-based immigrant visa petition that is pending adjudication, and (iii) minor children accompanying or following to join aliens described in clauses (i) and (ii). The regulations classify the fiancé(e) visa category as K-1 and the minor children accompanying or following to join the fiancé(e) as K-2. The spouse category is classified for visa purposes as K-3, with the minor children designated as K-4. *See* 8 C.F.R. § 214.1(a)(1)–(2) (2012).

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a 27-year-old native and citizen of the Philippines.  The respondent's mother, who is also a native and citizen of the Philippines, married a United States citizen on October 3, 2001, when the respondent was 16 years old.[2]  The United States citizen spouse thereafter filed a K visa petition on behalf of the respondent's mother, as well as the respondent as a derivative beneficiary.  On June 30, 2003, the respondent and her mother were issued K-4 and K-3 visas, respectively.  The respondent entered the United States in K-4 visa status on December 28, 2003, with authorization to remain in the United States for a temporary period not to exceed December 27, 2005.

The respondent's mother entered the United States in K-3 nonimmigrant status and thereafter adjusted her status to that of a lawful permanent resident based on her marriage to the K visa petitioner on May 2, 2007.  The respondent also sought to adjust her status based on the visa petition filed on her behalf by the K visa petitioner.  However, the Form I-130 was denied as a result of the respondent's failure to appear for an interview.[3]

The respondent's K-4 visa status expired on December 27, 2005. On June 16, 2007, the respondent married a lawful permanent resident who filed a visa petition on her behalf.  Removal proceedings against the respondent were commenced on August 27, 2007.  Her husband subsequently naturalized, and the Form I-130 he filed on the respondent's behalf was approved on April 2, 2008.  The respondent then applied to adjust her status before the Immigration Judge under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2006), based on the approved immediate relative visa petition filed by her United States citizen spouse.  In a written decision dated July 15, 2009, the Immigration Judge denied the respondent's adjustment application, finding that she is ineligible to adjust her status on any basis other than the Form I-130 filed by the K visa petitioner.  In a final decision on August 19, 2009, the Immigration Judge granted the respondent's request for voluntary departure in lieu of removal.

---

[2] Because the respondent was under 18 years of age at the time of her mother's marriage, she qualified as the "child" of her mother's United States citizen spouse, pursuant to section 101(b)(1)(B) of the Act, so long as she remained unmarried and under 21 years of age.

[3] The respondent subsequently made a second attempt to adjust her status based on the visa petition filed by the K visa petitioner, but her application was denied on May 25, 2007, because the first Form I-130 had been denied and the respondent no longer qualified as the child of a United States citizen when the second I-130 was filed since she was more than 21 years of age.  The denial of the respondent's application to adjust status as to the K visa petitioner is not before us.

## II.  ANALYSIS

The respondent argues that she is eligible to adjust her status pursuant to section 245(a) of the Act based on her marriage to her United States citizen husband, notwithstanding the fact that she entered the United States on a K-4 visa.  We do not agree.

Section 245(d) of the Act provides as follows:

> The Attorney General may not adjust, under subsection (a), the status of *a nonimmigrant alien described in section 101(a)(15)(K)* except to that of an alien lawfully admitted to the United States on a conditional basis under section 216 as a result of the marriage of the nonimmigrant (or, in the case of a minor child, the parent) to the citizen who filed the [K visa] petition . . . .

(Emphasis added.)  The respondent argues that this language is ambiguous and that it may reference only the primary K-1 beneficiary and not a derivative beneficiary.  She therefore contends that as long as the principal beneficiary of the K-1 or K-3 visa petition adjusted his or her status in compliance with section 245(d), a derivative beneficiary of the K-1 or K-3 visa holder may adjust status on any valid basis.

In applying settled principles of statutory construction, we look first to the particular statutory language.  *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988).  "If the statute is clear and unambiguous that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."  *Id.* (quoting *Bd. of Governors, FRS v. Dimension Fin. Corp.*, 474 U.S. 361, 368 (1986)) (internal quotation mark omitted).  Issues regarding whether the language is plain and unambiguous are "determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997); *see also, e.g.*, *Matter of Camarillo*, 25 I&N Dec. 644, 646 (BIA 2011).

The language of section 245(d) of the Act is not ambiguous.  Section 101(a)(15)(K)(iii) of the Act, 8 U.S.C. § 1101(a)(15)(K)(iii) (2006), expressly includes "the minor child" of a principal beneficiary.  Therefore section 245(d) applies to any K visa holder, whether a principal beneficiary or a derivative. "There is no question that the plain language of the statute bars K visaholders from adjusting to permanent resident status on any basis other than the marriage to the citizen who petitioned on their behalf."  *Choin v. Mukasey*, 537 F.3d 1116, 1119 n.4 (9th Cir. 2008); *see also Markovski v. Gonzales*, 486 F.3d 108, 110 (4th Cir. 2007) (holding that "the clear language" of section 245(d) of the Act "prohibits an alien who arrived on the K-1 fiancé visa from adjusting his status on any basis whatever save for the marriage to the K-1 visa sponsor").

In *Matter of Sesay*, 25 I&N Dec. 431 (BIA 2011), we addressed ambiguities in section 245(d) of the Act concerning whether a K-1 visa holder may adjust his or her status after fulfilling the requirements for adjustment of status through admission on the K nonimmigrant visa and timely marriage to the K visa petitioner, even if that marriage no longer exists at the time when the adjustment application is adjudicated. Following the reasoning in that case, we later determined in *Matter of Le*, 25 I&N Dec. 541 (BIA 2011), that the derivative beneficiary of a K-1 visa who was under 21 years of age at the time of his admission to the United States as a K-2 nonimmigrant could adjust status following his mother's marriage to the K visa petitioner. However, in both of these cases, the adjustment was based on the K nonimmigrant's relationship to the K visa petitioner, not a different petitioner. Also, while we did not reference derivative beneficiaries in *Matter of Sesay*, we stated that the language in section 245(d) of the Act is unambiguous to the extent that it clearly precludes a K-1 nonimmigrant from adjusting status on any basis other than marriage to the K visa petitioner. *Matter of Sesay*, 25 I&N Dec. at 433.

The respondent contends that the restrictions on adjusting status apply only to the principal beneficiary of the K visa petition, and that once the principal beneficiary has adjusted status based on his or her marriage to the K visa petitioner, the restrictions are "lifted" as to any derivative beneficiaries. We do not agree. If the respondent were correct that a K visa derivative beneficiary is eligible to adjust through a different petitioner, then a K visa derivative would be in a better position than the principal K visa holder. Furthermore, we cannot presume that one type of petitioner may be substituted for another in order to make an alien eligible for adjustment of status. Such substitution of petitioners as the respondent advocates must be expressly authorized by law, and there is nothing in the statute or the regulations granting this authority.

Through the Immigration Marriage Fraud Amendments Act of 1986, Pub. L. No. 99-639, 100 Stat. 3537, Congress imposed various restrictions on K visas in order to address the problem of marriage fraud, including a requirement that a fiancé(e) could only adjust status based on the marriage to the fiancé(e) petitioner. *See Matter of Sesay*, 25 I&N Dec. at 437. The respondent argues that the policy goals of combating marriage fraud are satisfied once the K-3 nonimmigrant adjusts status based on a bona fide marriage to the K visa petitioner and that the restrictions on adjustment of status of K visa holders therefore do not apply to the subsequent adjustment of status of a derivative K-4 nonimmigrant.

However, Congress chose to address the issue of marriage fraud by creating a broad prohibition on the adjustment of status of K visa holders on any basis other than the marriage between the K visa petitioner and the

principal K visa beneficiary. *See* section 245(d) of the Act. There are no exceptions to this strict limitation on adjustment of status by K visa holders, and any exemption such as that proposed by the respondent cannot be presumed absent express authorization by law. *See Kalal v. Gonzales*, 402 F.3d 948, 952 (9th Cir. 2005) (noting that if the alien's argument were adopted, she could avoid the restrictive, carefully crafted scheme that Congress created for the purpose of avoiding marriage fraud). The language of the statute clearly indicates Congress' intent that all K visa holders can only adjust status based on a petition filed by the K visa petitioner after a bona fide marriage between that petitioner and the principal K visa beneficiary has been established. *See Caraballo-Tavera v. Holder*, 683 F.3d 49 (2d Cir. 2012).

Moreover, even if there were some ambiguity in section 245(d) of the Act, the regulations, which we are bound to follow, leave no doubt regarding whether a derivative K visa holder may adjust status on a basis other than the marriage between the K visa petitioner and the principal K visa beneficiary. Specifically, 8 C.F.R. §§ 1245.1(c)(6)(ii) and 1245.1(i) (2012) clearly articulate that an alien admitted to the United States in K-4 visa status may only adjust his or her status based on the K-3 visa holder's marriage to the United States citizen who petitioned for his or her K-3 visa status.[4] *See Birdsong v. Holder*, 641 F.3d 957, 961 (8th Cir. 2011) (finding that the applicable regulations at 8 C.F.R. §§ 245.1(c)(6)(i) and 1245.1(c)(6)(i) constitute "a permissible construction of [section 245 of the Act] that is entitled to *Chevron* deference").

## III. CONCLUSION

In sum, the respondent is ineligible to adjust her status based on the immediate relative visa petition filed by her United States citizen husband because she entered the United States on a K-4 nonimmigrant visa.[5]

---

[4] We find no merit in the respondent's assertion that the reference in the regulations to "K-3/K-4" aliens, rather than "K-3 and K-4" or "K-3 or K-4" aliens, reflects an intent to allow, or an ambiguity regarding whether to allow, a K-4 nonimmigrant to adjust status on a basis other than the visa petition filed on his or her behalf by the same United States citizen who had previously petitioned for the K-3 status of that alien's parent. *See* 8 C.F.R. § 1245.1(i). The regulations are explicit that a K-4 visa holder may only adjust based on his or her status as a child of the original K visa petitioner who filed a petition for that alien's K-4 status. *Id.*; *see also* 8 C.F.R. § 1245.1(c)(6)(ii).

[5] The respondent asserts that she will be subject to the 10-year bar on reentry into the United States if she is removed to the Philippines. *See* section 212(a)(9)(B)(i)(II) of the Act, 8 U.S.C. § 1182(a)(9)(B)(i)(II) (2006). In response, the DHS notes that the respondent

(continued...)

Accordingly, the respondent's appeal will be dismissed.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the DHS. *See* section 240B(b) of the Act, 8 U.S.C. § 1229c(b) (2006); *see also* 8 C.F.R. §§ 1240.26(c), (f) (2012). In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

**NOTICE:** If the respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty as provided by the regulations and the statute and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act, 8 U.S.C. §§ 1229b, 1255, 1258, and 1259 (2006). *See* section 240B(d) of the Act.

**WARNING:** If the respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* 8 C.F.R. § 1240.26(e)(1).

**WARNING:** If, prior to departing the United States, the respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252 (2006), the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if the alien provides to the DHS such evidence of his or her departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence the DHS deems

---

(...continued)

appears to be prima facie eligible for a discretionary waiver of the bar under section 212(a)(9)(B)(v) because her husband and stepfather are United States citizens, and her mother is a lawful permanent resident of the United States. We agree with the DHS regarding the respondent's apparent eligibility for a waiver, although we do not know whether the waiver would be granted through consular processing.

sufficient that he or she has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he or she remains in the United States while the petition for review is pending. *See* 8 C.F.R. § 1240.26(i).