**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1657**

JESETTE JACKLYN RAMAO RHODES,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

**No. 15-2319**

JESETTE JACKLYN RAMAO RHODES,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petitions for Review of Orders of the Board of Immigration Appeals.

Submitted:  March 28, 2017                    Decided:  March 31, 2017

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

––––––––––––

No. 15-1657 petition dismissed; No. 15-2319 petition denied by unpublished per curiam opinion.

––––––––––––

Jeremy L. McKinney, MCKINNEY IMMIGRATION LAW, Greensboro, North Carolina, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Acting Assistant Director, Andrew N. O'Malley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated petitions for review, Jesette Jacklyn Ramao Rhodes, a native and citizen of the Philippines, seeks review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's denial of her application for a good faith marriage waiver under 8 U.S.C. § 1186a(c)(4) (2012) (No. 15-1657) and of the Board's order denying her motion to reopen (No. 15-2319).

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) (2012), we lack jurisdiction "to review . . . any . . . decision . . . which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum]." The phrase "under this subchapter" includes 8 U.S.C. § 1186a(c)(4), which provides that, in adjudicating a good faith marriage waiver application, "[t]he determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Secretary of Homeland Security." 8 U.S.C. § 1186a(c)(4); *see Contreras-Salinas v. Holder*, 585 F.3d 710, 713 (2d Cir. 2009). Based on our review of the record and the parties' arguments on appeal, we conclude that we are without jurisdiction to review the agency's denial of Rhodes' application for a § 1186a(c)(4) waiver. Rhodes fails to raise a constitutional claim or colorable question of law that would fall within the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012) (stating that no provision limiting judicial review "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals"). We therefore dismiss the petition for review in No. 15-1657.

In No. 15-2319, Rhodes challenges the Board's denial of her motion to reopen. We have reviewed the administrative record and the Board's order and conclude that the Board did not abuse its discretion in denying Rhodes' motion. *See* 8 C.F.R. § 1003.2(a) (2016); *Caraballo-Tavera v. Holder,* 683 F.3d 49, 52-53 (2d Cir. 2012); *Markovski v. Gonzales,* 486 F.3d 108, 110 (4th Cir. 2007). We therefore deny the petition for review in No. 15-2319 for the reasons stated by the Board. *In re Rhodes* (B.I.A. Oct. 23, 2015).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

15-1657 *PETITION DISMISSED*
15-2319 *PETITION DENIED*
