## MATTER OF MENDES

In Deportation Proceedings

A-29018206

*Decided by Board June 16, 1994*

(1) Although the Immigration and Nationality Act provides one ground of deportability where conditional permanent resident status has been terminated, it sets forth three means whereby such termination may take place, each reviewable in deportation proceedings.

(2) Different procedural and substantive consequences follow from which section of law the Immigration and Naturalization Service applies in terminating an alien's conditional permanent resident status, including the allocation of the burdens of proof in subsequent deportation proceedings.

(3) Where the parties to a marriage have jointly filed a Petition to Remove the Conditions on Residence (Form I-751) under section 216(c)(1) of the Act, 8 U.S.C. § 1186a(c)(1) (1988), but one of the parties withdraws support from the petition before its adjudication, the joint petition shall be considered withdrawn and shall be adjudicated under section 216(c)(2)(A) of the Act.

(4) When a respondent in deportation proceedings has not filed an application for a waiver under section 216(c)(4) of the Act and is prima facie eligible for such relief, the proceedings should be continued in order to grant the respondent a reasonable opportunity to file the application before the regional service center director and for the center director to decide the application.

CHARGE:

Order: Act of 1952—Sec. 241(a)(1)(D)(i) [8 U.S.C. § 1251(a)(1)(D)(i)]—Conditional resident status terminated

ON BEHALF OF RESPONDENT:
Donal Eoin Reilly, Esquire
Iandoli & Associates
36 Melrose Street
Boston, Massachusetts 02116

ON BEHALF OF SERVICE:
Naomi G. Litvin
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members

This is an appeal by the Immigration and Naturalization Service from the June 8, 1992, decision of an immigration judge terminating proceedings in this matter. The appeal will be sustained and the record will be remanded.

The respondent is a native and citizen of Cape Verde. She entered the United States on May 28, 1987, as a nonimmigrant visitor for

pleasure with authorization to remain for 6 months or less. She did not leave the United States upon expiration of this period. On November 27, 1988, she married a United States citizen who subsequently filed a petition to accord her immediate relative status under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1988). That petition was approved and on October 2, 1989, the respondent was granted lawful permanent resident status on a conditional basis under section 216(a) of the Act, 8 U.S.C. § 1186a(a) (1988). In order to remove the conditional basis of the lawful permanent residence pursuant to section 216(c)(1) of the Act, an alien and his or her petitioning spouse must file a joint petition during the 90-day period before the second anniversary of the date the alien obtained that status. The respondent and her husband did so on September 4, 1991, and an interview was scheduled to review the merits of that application. *See* section 216(c)(1)(B) of the Act. The respondent and her husband appeared for that interview on November 20, 1991; however, during the course of the interview the respondent's husband executed a statement withdrawing his support for the petition.

As a result of the withdrawal of support for the joint petition, the Service terminated the respondent's conditional resident status under section 216(c)(2)(A)(i) of the Act for failure to file a joint petition.[1] The Service thereafter issued an Order to Show Cause and Notice of Hearing (Form I-221) initiating deportation proceedings. The Order to Show Cause charged the respondent with deportability as an alien whose permanent resident status on a conditional basis has been terminated. The charge is specifically based on an allegation that the respondent's conditional resident status was terminated under section 216(c)(2)(A)(i) for failure to file a joint petition.

At the hearing before the immigration judge, the respondent argued that the Service improperly terminated her status on the ground that no petition was filed. She argued that the petition was in fact filed and that the Service should have adjudicated the petition on its merits under section 216(c)(3) of the Act. The Service argued that the withdrawal of support for the petition by the respondent's husband nullified the filing, so that termination for failure to file a joint petition was the correct basis for termination. Upon consideration of briefs

---

[1] We note that the Service's notice of termination discusses the events which allegedly transpired at the interview. However, the operative fact in the decision was the husband's withdrawal of support for the petition. We clarify here that we have made no negative inference from the background statements contained in the notice of termination, and our decision is in no way based on those statements. We further note that as the basis for termination, the notice of termination erroneously cites section 216(c)(2)(B) of the Act, which relates to the initiation of deportation proceedings. However, the parties agree that the basis of termination was section 216(c)(2)(A)(i).

submitted on this preliminary issue, the immigration judge rendered his decision. The immigration judge agreed with the respondent and terminated proceedings upon finding that the petition had been filed and that the Service therefore could not terminate the respondent's status for failure to file a joint petition. The Service appealed and the parties reiterate their positions on appeal.

In an effort to remedy abuses of the visa petition process based on marriages to United States citizens or lawful permanent residents, Congress enacted the Immigration Marriage Fraud Amendments of 1986, Pub. L. No. 99-639, 100 Stat. 3537 ("IMFA"). Section 216 of the Act, added by the IMFA, was designed to check the validity of the marriages and to ensure that aliens could not sidestep the immigration laws by entering into a fraudulent marriage. *Matter of Stockwell,* 20 I&N Dec. 309 (BIA 1991). The IMFA created a system whereby immigrants who attained their lawful permanent residence on the basis of marriage would be granted that status on a conditional basis for 2 years. The removal of the conditional basis of the status by the Service was intended to provide a second opportunity to detect marriages which were not entered into in good faith.

The Act provides two means by which the conditional basis of a conditional permanent resident's status may be removed. First, the alien and the United States citizen spouse may file a joint petition to remove the conditional basis of the alien's permanent resident status under section 216(c)(1) of the Act. Second, the alien may file an application for a waiver of the requirement to file the joint petition under section 216(c)(4), which provides three distinct grounds for a waiver. *See Matter of Balsillie,* 20 I&N Dec. 486 (BIA 1992).[2]

The Act also provides that any alien with permanent resident status on a conditional basis who has had such status terminated under section 216 is deportable. Section 241(a)(1)(D)(i) of the Act, 8 U.S.C. § 1251(a)(1)(D)(i) (Supp. V 1993). Termination of an alien's conditional permanent resident status can occur in three ways. First, the Service can affirmatively terminate the conditional permanent resident status before the 2-year conditional period has expired. Section 216(b)(1) of the Act. Second, the status can be terminated for failure to timely file a joint petition or appear for the interview thereon. Section 216(c)(2)(A) of the Act. Third, the Service can terminate the conditional permanent resident status upon adjudicating the joint petition and determining that the facts and information contained in the joint

---

[2] These applications were formerly filed on two separate forms, the joint petition being Form I-751, and the application for a waiver being Form I-752. These applications have now been consolidated into a new Form I-751 (Petition to Remove the Conditions on Residence), on which the applicant designates the grounds for the requested removal of the conditional basis of the permanent resident status.

petition are not true. Section 216(c)(3)(C) of the Act. Each of these determinations is reviewable in subsequent deportation proceedings. Sections 216(b)(2), (c)(2)(B), and (c)(3)(D) of the Act. Thus, the Act provides one ground of deportability for termination of conditional permanent resident status, but sets forth three means whereby such termination may take place, each reviewable in deportation proceedings. The regulations further provide that once an alien is in deportation proceedings, the denial of a waiver under section 216(c)(4) of the Act, if any, may also be reviewed in those proceedings. 8 C.F.R. § 216.5(f) (1994).

Here, the dispute is over which section of the Act the Service should properly have applied in adjudicating the joint petition. A number of consequences follow from the section the Service chooses to apply. For instance, failure to properly file the joint petition under section 216(c)(2)(A) of the Act results in "the automatic termination of the alien's permanent residence status and the initiation of proceedings to remove the alien from the United States." 8 C.F.R. § 216.4(a)(6) (1994). On the other hand, if the Service proceeds to an adjudication of the merits of the joint petition under section 216(c)(3)(C) of the Act and determines that derogatory information exists on the pertinent issues, the petitioners are to be offered an opportunity to rebut such information before a final determination is made. 8 C.F.R. § 216.4(c) (1994). Thus, the section under which the Service adjudicates the joint petition affects the procedural rights accorded the alien before the Service.

A second consequence of the section of law under which the Service adjudicates the petition is the allocation of the burden of proof in the ensuing deportation proceedings if the conditional permanent resident status is terminated. In a deportation proceeding premised on section 216(c)(2)(B) of the Act (failure to file a petition or failure to appear for the interview), the burden of proof is on the alien to establish compliance with the requirements for a joint petition and interview. *Id.*; 8 C.F.R. § 216.4(a)(6) (1994). On the other hand, in a deportation proceeding premised on section 216(c)(3)(D) of the Act (Service's adverse determination on the merits of the joint petition), the burden is on the Service to show by a "preponderance of the evidence" that the facts and information set forth by the petitioners in the joint petition are not true and that the petition was properly denied. *Id.*; 8 C.F.R. § 216.4(d)(2) (1994); *see also Matter of Lemhammad*, 20 I&N Dec. 316 (BIA 1991) (discussing the burden of proof in proceedings premised on section 216(b)(2) of the Act).

In order to determine which section of law should be applied where the petitioning spouse withdraws support for the joint petition before it is adjudicated, we turn first to the language of the Act. Section

216(c)(1) of the Act states that in order for the conditional basis of an alien spouse's permanent residence to be removed,

> (A) the alien spouse and the petitioning spouse (if not deceased) jointly must submit to the Attorney General, during the period described in subsection (d)(2), a petition which requests the removal of such conditional basis and which states, under penalty of perjury, the facts and information described in subsection (d)(1), and

> (B) in accordance with subsection (d)(3), the alien spouse and the petitioning spouse (if not deceased) must appear for a personal interview before an officer or employee of the Service respecting the facts and information described in subsection (d)(1).

Section 216(c)(3)(A) of the Act then provides that if

> (i) a petition is filed in accordance with the provisions of paragraph (1)(A), and

> (ii) the alien spouse and petitioning spouse appear at the interview described in paragraph (1)(B),

the Attorney General shall make a determination, within 90 days of the date of the interview, as to whether the facts and information described in subsection (d)(1) and alleged in the petition are true with respect to the qualifying marriage.

On the other hand, section 216(c)(2)(A) provides that if

> (i) no petition is filed with respect to the alien in accordance with the provisions of paragraph (1)(A), or

> (ii) unless there is good cause shown, the alien spouse and petitioning spouse fail to appear at the interview described in paragraph (1)(B),

the Attorney General shall terminate the permanent resident status of the alien as of the second anniversary of the alien's lawful admission for permanent residence.

These sections of the Act make it clear that the alien spouse and the petitioning spouse are required to act in tandem in filing the petition and appearing for the interview. The respondent argues, and the immigration judge found, that the filing and appearance requirements are satisfied if the petition was filed and the parties appeared for the interview, even if one of the parties withdraws from the joint petition. In doing so, the respondent is simply arguing that under a strict reading of the Act, the petition was "filed," and the parties "appeared" for the interview and that the joint petition was therefore properly pending before the Service. However, we give greater weight to the Act's requirement that "the alien spouse and the petitioning spouse ... jointly must submit" the petition, and the Act's repeated reference to the requirements imposed upon "the alien spouse and the petitioning spouse." The joint nature of the petition is also reflected in the corresponding regulations. *See* 8 C.F.R. §§ 216.2(c), 216.4(a), (b), (c) (1994). In short, if one party to the marriage withdraws support for the petition, it can hardly be considered a "joint" petition any longer.

We also take into account the Act's use of the words "petitioning spouse" in connection with the joint petition. The use of this phrase reflects that the joint petition procedure is an extension of the initial

visa petition procedure of section 204 of the Act, 8 U.S.C. § 1154 (1988 & Supp. V 1993). As such, the petitioning spouse is clearly contemplated as being an integral part of the removal of the conditional basis of the alien's lawful permanent resident status under the joint petition procedure. In this connection, we note that the regulations have long provided that written withdrawal by the petitioner of a relative visa petition prior to the alien's adjustment of status or entry on the basis of that petition constitutes automatic revocation of the petition, even though it was already approved. 8 C.F.R. § 205.1(a)(1) (1994). Thus, it is consistent with the existing statutory and regulatory scheme to hold that written withdrawal by the petitioner automatically withdraws the joint petition from consideration.

As discussed above, the burdens of proof in deportation proceedings differ depending on whether the joint petition is considered as not filed or is reviewed on its merits. In the context of a withdrawn petition, the net result is that if the Service terminates the alien's status on the ground that the joint petition is considered not properly filed, the respondent will bear the burden of proving otherwise in deportation proceedings under section 216(c)(2)(B) of the Act, or of demonstrating that a waiver is warranted under the provisions of section 216(c)(4). The respondent argues that this shift of the burden of proof onto her because of her husband's withdrawal of support for the joint petition is unfair. However, we find that the shift in the burden of proof is consistent with the statutory structure and intent.

If a withdrawn petition is considered as not filed, the respondent is simply placed in the position of an alien whose spouse refuses to join in the filing of a joint petition. The regulations provide that "if the petitioning spouse refuses to join in the filing of the petition, the conditional permanent resident may apply for a waiver of the requirement to file the joint petition in accordance with the provisions of [8 C.F.R. § 216.5]." 8 C.F.R. § 216.4(a)(1) (1994); *see also* section 216(c)(4) of the Act. Thus, the Act and the regulations anticipate the possibility that marriages entered into in good faith may have broken down by the time the 2-year anniversary of the grant of status arrives and provide the waivers of section 216(c)(4) to address those cases in which the petitioning spouse refuses to proceed. In doing so, Congress chose to shift the burden of proof onto the alien to show that even though the marriage failed, it was entered into in good faith.

Withdrawal of support for a joint petition by the petitioning spouse does not necessarily demonstrate that the marriage was entered into in bad faith. Nevertheless, it is bound to raise the question as to whether that is the case. Hence, where the petitioning spouse refuses to join in filing the joint petition or withdraws support from it, it is not

surprising that the Act then shifts the burden onto the alien to demonstrate that the marriage was nevertheless entered into in good faith.[3]

We find further support for our interpretation of the Act upon consideration of the difficulties posed by the immigration judge's decision to terminate proceedings. In adjudicating a joint petition or waiver under section 216 of the Act in deportation proceedings, an immigration judge is authorized to terminate proceedings and remove the conditional basis of the respondent's permanent residence upon finding in the respondent's favor. Here, however, the immigration judge has not found that the marriage was bona fide, but has instead simply terminated proceedings on the basis that the Service applied the wrong standard in adjudicating the petition. However, this leaves the respondent in legal limbo, as she is no longer a lawful permanent resident, yet she also has not been found deportable. An alternative might have been for the immigration judge to consider the joint petition on its merits, since he considered it to still be a valid petition despite the withdrawal. However, this would result in the anomalous situation in which the immigration judge would be adjudicating a "joint" petition for which one of the parties has withdrawn support. Hence, we find the only tenable approach to be that the petition is to be considered as if never filed, and the respondent is left to pursue whatever other remedies are provided by the Act.

The respondent also argues that it is unfair that she did not receive the additional notice and opportunity to respond which would have been afforded her if the joint petition had been denied on its merits rather than considered withdrawn. Specifically, she complains that she has not had an opportunity to respond to the statements regarding her marriage in the notice of termination. We find no merit to this claim. Since the petition has not been judged on its merits, there are no findings regarding her marriage to rebut. Evidence of the bona fides of her marriage can be presented in conjunction with an application for a waiver, should she decide to pursue that course of action.

In her brief on appeal, the respondent also attempts to raise a

---

[3]We note that the Service has taken the position that the present viability of a marriage is not at issue in adjudicating joint petitions. *See* INS Legal Opinion, Paul Virtue, INS Acting General Counsel (January 25, 1991), *reported and reproduced in* 69 Interpreter Releases, No. 2, January 13, 1992, at 80; *cf. Matter of Soriano*, 19 I&N Dec. 764 (BIA 1988); *Matter of Laureano*, 19 I&N Dec. 1 (BIA 1983); *Matter of McKee*, 17 I&N Dec. 332 (BIA 1980) (stating that the central question in visa petition cases is whether the bride and groom intended to establish a life together at the time they were married). Hence, if the petitioning spouse is willing to proceed with a joint petition despite ongoing marital difficulties, the parties may do so. If not, the alien is left with the waivers in section 216(c)(4) of the Act.

factual issue regarding her husband's written withdrawal of support for the petition. The respondent argues that it is not clear what was intended by the statement, and that in particular it is not clear whether her husband intended to withdraw the petition itself. We find no merit to these contentions. There is no ambiguity in the husband's statement, "It is my intention at this time to withdraw my support of the joint petition in behalf of Maria Rodriguez (sic) Mendes." A joint petition under section 216(c)(1) of the Act requires two petitioners, and it is clear as a factual matter that the respondent's husband withdrew his support from his portion of the joint petition. The question of whether that withdrawal of support results in withdrawal of the joint petition itself is precisely the question of law we have addressed here. It does not depend on the personal intention of the petitioning spouse.

Finally, the respondent suggests that the Service prevailed upon her husband to withdraw the petition against his will. This suggestion even seems to have influenced the immigration judge's decision, which states that the respondent's husband was "prevailed upon" to sign a statement. However, the respondent has offered no evidence whatsoever at the hearing or on appeal to support this allegation. As this claim is entirely unsubstantiated, we need not address it here.

Accordingly, the appeal by the Service will be sustained, and this matter will be remanded to the immigration judge in order to afford the parties the opportunity to proceed in a manner consistent with this opinion, including the filing of a waiver request before the Service, if the respondent so chooses. In this regard, we note that when a respondent in deportation proceedings has not filed an application for a waiver under section 216(c)(4) of the Act and is prima facie eligible for such relief, the proceedings should be continued in order to grant the respondent a reasonable opportunity to file the application before the regional service center director and for the center director to decide the application. *See* 8 C.F.R. §§ 216.5(c), 242.13 (1994); *cf.* section 216(d)(2)(C) of the Act. If the application is denied by the center director, then it may be submitted to the immigration judge for review pursuant to 8 C.F.R. § 216.5(f) (1994).

**ORDER:** The appeal by the Immigration and Naturalization Service is sustained.

**FURTHER ORDER:** The decision of the immigration judge terminating these proceedings is vacated.

**FURTHER ORDER:** The record is remanded to the immigration judge for further proceedings consistent with this opinion and the entry of a new decision.