**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD APONGWA CHUNGONG,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-2103

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-302-326)

Submitted: May 15, 1997

Decided: June 4, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Civil Division, Donald E.
Keener, Deputy Director, Kristin A. Cabral, Senior Litigation Coun-
sel, Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Richard Apongwa Chungong, a citizen of Cameroon, entered this country as a nonimmigrant student in February 1988. In May of 1989, he married an American citizen and was granted conditional permanent resident status by the Immigration and Naturalization Service (INS). See 8 U.S.C.A. § 1186a(a) (West 1994 & Supp. 1997). To remove the condition and obtain complete and lawful permanent resident status, Chungong and his wife were required to file a joint petition with the INS within approximately two years after the date he obtained the conditional status. See 8 U.S.C.A. §§ 1186a(c)(1), (d)(2); 8 C.F.R. § 216.2(b) (1996). However, because Chungong's marriage ended in divorce prior to the time period when a joint petition to remove the condition from his resident status could be filed, he sought to avoid the joint petition requirement by applying for a "hardship waiver." See 8 U.S.C.A. § 1186a(c)(4)(B) (in order to obtain this waiver the alien must show that his "qualifying marriage was entered into in good faith"). The INS denied the waiver and sought deportation. At his deportation hearing, Chungong appealed the denial of his application for a waiver. The immigration judge (IJ) denied Chungong's application for the waiver and ordered deportation (with the privilege of voluntary departure), which was upheld by the Board of Immigration Appeals (BIA). Chungong seeks review of the BIA's final order of deportation alleging that the Board erred in its determination that he did not meet his burden of showing that his marriage was bona fide and in good faith. For the reasons that follow, we affirm.

In this case, we are not asked to review the determination that Chungong is deportable; rather, we are asked to review the denial of the hardship waiver, part of the final order of deportation. See 8 C.F.R. § 216.5(f) (1996) (the INS's denial of the hardship waiver itself is not appealable). This court has jurisdiction to adjudicate

2

Chungong's petition for review of his final order of deportation. <u>See</u> 8 U.S.C. § 1105a(a) (1994);* <u>Gandarillas-Zambrana v. BIA</u>, 44 F.3d 1251, 1255 (4th Cir.), <u>cert. denied</u>, 64 U.S.L.W. 3203, 3239 (U.S. Oct. 2, 1995) (No. 94-1720). In order to obtain a waiver under 8 U.S.C. § 1186(c)(4)(B), an alien bears the burden of proving that he entered into the marriage in good faith. <u>Hernandez-Patino v. INS</u>, 831 F.2d 750, 752 (7th Cir. 1987); <u>Matter of Mendes</u>, 20 I & N Dec. 833 (BIA 1994); 8 C.F.R. § 216.5(a)(2) (1996). To determine whether a marriage was entered into in good faith, the INS considers documentary evidence relating to the degree of commitment by both parties to the marital relationship, including evidence of combined financial assets and liabilities, length of time the parties cohabited after marriage, and any other relevant evidence. 8 C.F.R.§ 216.5(e)(2) (1996). Because Congress committed to the Attorney General's discretion whether to grant or deny a waiver under § 1186a(c)(4), we review that decision for an abuse of discretion. <u>See Nyonzele v. INS</u>, 83 F.3d 975, 979 (8th Cir. 1996). Because the BIA is the highest administrative tribunal, we usually review only its findings and final order, rather than those of the IJ. <u>See Huaman-Cornelio v. BIA</u>, 979 F.2d 995, 999 (4th Cir. 1992). We may not reverse the BIA's factual findings unless the evidence not only supports a contrary conclusion, but compels it. <u>See Chen Zhou Chai v. Carroll</u>, 48 F.3d 1331, 1338 (4th Cir. 1995). A court will defer to the BIA's interpretation of a statute if it "is rational and consistent with statute." <u>Akindemowo v. INS</u>, 61 F.3d 282, 285 (4th Cir. 1995) (citation omitted).

The BIA dismissed Chungong's appeal of the IJ's decision denying his hardship waiver and finding him deportable. The BIA found that Chungong failed to show by a preponderance of the evidence that he married in good faith. The marriage lasted less than five months before Chungong's wife asked him to vacate their apartment. Other than the marriage certificate itself, Chungong submitted no evidence of the event: no photographs, invitations, or witnesses. Also, Chungong admitted that he held no joint bank account with his wife nor credit cards. They held no property in joint title and he failed to show

_____

*This section was repealed for deportation orders filed on or after September 30, 1996. <u>See</u> Pub. L. No. 104-208, Div. C, Title III, § 306(b), 110 Stat. 3009. Chungong's final deportation order was filed on June 25, 1996.

3

commingling of any assets. Although both spouses worked, neither could show that they identified the other as a beneficiary of any benefit. In fact, Chungong's wife explained she did not provide her husband with health insurance coverage because it "would've been extra to have him added." Finally, Chungong provided no affidavits or testimony from family members regarding his marriage. Based upon these findings, we do not find the BIA abused its discretion in determining that Chungong failed to show that his marriage was in good faith. See Chen Zhou Chai, 48 F.3d at 1338; 8 C.F.R. §§ 216.5(a)(2), (e)(2). To the extent Chungong argues that the INS improperly interpreted its statute by denying his waiver, this claim fails. See Akindemowo, 61 F.3d at 285.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4