Custudio-Lopez v. Holder
BIA
Straus, IJ
A079 214 467

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of May, two thousand twelve.

**PRESENT:**

> **BARRINGTON D. PARKER,**
> **PETER W. HALL,**
> **J. CLIFFORD WALLACE,**[*]
> *Circuit Judges.*

_____

**LAUREANO CUSTODIO-LOPEZ,**
> *Petitioner*,

> v.

**ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,**
> *Respondent*.

**10-4860-ag (L),**
**11-1954-ag (Con)**

_____

**FOR PETITIONER:**        Tanya T. Dorman, Hartford, CT.

**FOR RESPONDENT:**        Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

---

[*]Judge J. Clifford Wallace, of the United States Court of Appeals for the 9th Circuit, sitting by designation.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petitions for review are DISMISSED in part and DENIED in part.

Laureano Custodio-Lopez, a native and citizen of the Dominican Republic, seeks review of two agency decisions: (1) a November 3, 2010, order of the BIA affirming the January 13, 2009, decision of Immigration Judge ("IJ") Michael W. Straus, which denied both his application for removal of the condition on his permanent resident status and also his request for a waiver of the joint petition requirement under 8 U.S.C. § 1186a(c)(4), *see In re Laureano Custodio-Lopez*, No. A079 214 467 (B.I.A. Nov. 3, 2010), *aff'g* No. A079 214 467 (Immig. Ct. Hartford, Jan. 13, 2009), and (2) the BIA's April 20, 2011, order denying reconsideration, *see In re Laureano Custodio-Lopez*, No. A079 214 467 (B.I.A. Apr. 20, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

## I. Burden of Proof and Denial of Waiver

Because Custodio-Lopez challenges the agency's denial of a discretionary waiver, our jurisdiction is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Boluk v. Holder*, 642 F.3d 297, 301 (2d Cir. 2011). Although Custodio-Lopez raises a question of law by arguing that the agency misapplied the burden of proof in adjudicating his request for a waiver, his argument is foreclosed by *Boluk v. Holder*, 642 F.3d 297. In *Boluk*, we held that where the relationship through which an alien obtains conditional permanent residency ends in divorce, the alien has the burden to establish eligibility for a waiver under 8 U.S.C. § 1186a(c)(4). *See* 642 F.3d at 302-03; *see also Matter of Mendes*, 20 I&N Dec. 833, 838 (B.I.A. 1994) (discussing how the burdens of proof differ depending on whether both spouses file the joint petition). Therefore, Custodio-Lopez has not identified any error of law in

the agency's November 2010 decision, and we deny his petition with respect to his burden of proof claim.

Custodio-Lopez also argues that in adjudicating his waiver application, the IJ "misinterpreted the facts" of the record affidavits, "speculated as to the authenticity of the evidence," and "discredited all of the evidence that [he] submitted." Unlike Custodio-Lopez's burden of proof argument, which raises a question of law, we lack jurisdiction to consider these latter arguments because they essentially challenge the agency's underlying factual determinations that Custodio-Lopez's evidence did not establish that his marriage was entered into in good faith. *See Boluk*, 642 F.3d at 304 (stating that this Court's review "does not extend to the underlying factual determination") (internal quotation marks omitted); *see also Contreras-Salinas v. Holder*, 585 F.3d 710, 715 (2d Cir. 2009) (concluding that credibility determinations and the relative weight accorded to record evidence are not questions of law); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006) (stating that arguments that "merely quarrel[] over the correctness of [] factual findings or justification for [] discretionary choices" do not raise questions of law). Thus, to the extent the petition challenges the agency's factual findings, we dismiss it.

## II. Motion to Reconsider

Custodio-Lopez argues that the IJ erred by failing to adjourn his proceedings after his merits hearing, and the BIA erred by failing to remand to the IJ, because his former wife was set to testify by telephone but she became unavailable due to her son's illness. Custodio-Lopez testified, however, that his ex-wife did not return his call when he asked her to prepare an affidavit that their marriage was entered into in good faith, and when the IJ called the telephone number Custodio-Lopez provided, his former mother-in-law answered and stated simply,

3

"[s]he's not here." At no time during the merits hearing did Custodio-Lopez request an adjournment. Under these circumstances, Custodio-Lopez has not shown that the BIA abused its discretion denying reconsideration given the "wide latitude" IJs have with respect to "calendar management." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006); *see also* 8 C.F.R. § 1003.29 (stating that an IJ has the broad discretion to grant a continuance "for good cause shown").

Custodio-Lopez also argues that by declining to remand his proceedings, the BIA prevented him from applying for cancellation of removal. He failed to apply for this form of relief before the IJ, however, and he failed to argue his eligibility for cancellation before the BIA. We, therefore, lack jurisdiction to review Custodio-Lopez's prospective eligibility for cancellation of removal. *See* 8 U.S.C. § 1252(d)(1) (providing that this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right"); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006). Accordingly, we dismiss the petition with respect to Custodio-Lopez's argument that he is prospectively eligible for cancellation of removal.

We have considered Custodio-Lopez's remaining arguments and find them without merit. For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4