# Matter of Mavis Nyarko MENSAH, Respondent

*Decided April 14, 2021*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

An Immigration Judge may rely on fraud or a willful misrepresentation of a material fact made by an alien during an interview before the United States Citizenship and Immigration Services to remove the conditional basis of an alien's permanent resident status in assessing whether the alien has demonstrated, for purposes of adjustment of status in removal proceedings, that she is not inadmissible under section 212(a)(6)(C)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(C)(i) (2018).

FOR RESPONDENT: Mayra A. Velez, Esquire, Maspeth, New York

FOR THE DEPARTMENT OF HOMELAND SECURITY: Scott Swanburg, Assistant Chief Counsel

BEFORE: Board Panel: GREER, Appellate Immigration Judge; PEPPER and MONSKY, Temporary Appellate Immigration Judges.

GREER, Appellate Immigration Judge:

In a decision dated June 15, 2018, an Immigration Judge denied the respondent's application for adjustment of status under section 245(a) of the Immigration and Nationality Act, 8 U.S.C. § 1255(a) (2018), concluding that she had failed to establish she was not inadmissible under section 212(a)(6)(C)(i) of the Act, 8 U.S.C. § 1182(a)(6)(C)(i) (2018), as an alien who had made a willful misrepresentation of a material fact to procure an immigration benefit. The respondent has appealed from this decision, arguing that the Immigration Judge improperly based his conclusion regarding her inadmissibility on a misrepresentation she had made in an interview before the United States Citizenship and Immigration Services ("USCIS"). The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Ghana who was admitted to the United States as a nonimmigrant B-2 visa holder with authorization to remain in this country until May 8, 2005. In 2010, the respondent married her first husband, a United States citizen. Based on this marriage, the USCIS granted

her application for conditional permanent resident status under section 216(a)(1) of the Act, 8 U.S.C. § 1186a(a)(1) (2006).

In 2013, the respondent and her first husband filed a joint Petition to Remove Conditions on Residence (Form I-751) with the USCIS pursuant to section 216(c)(1)(A) of the Act. The respondent and her first husband appeared for an interview on September 8, 2014.

On September 10, 2014, the District Director ("Director") concluded that the testimony of the respondent and her first husband during the interview, and the documentary evidence submitted, failed to establish that the marriage was entered into in good faith. The Director found that the documentary evidence did not support the respondent's claim that she had resided with her first husband in the same household during their marriage. In particular, the respondent's 2013 tax returns listed an address different from the claimed marital address.

The Director also noted other concerns regarding the validity of the first marriage, including the respondent's acknowledgement that she had had a child with her second husband in October 2013, while she was still married to her first husband, and that the respondent was unaware her first husband had been convicted of a criminal offense and sentenced to 2 years of probation in February 2014. The Director afforded limited weight to affidavits from the respondent's friends and pastor, which were each composed in the same format, with the same font, and the same wording. For these reasons, the Director denied the joint petition to remove the conditional basis of the respondent's permanent residence, concluding that the respondent failed to show she entered into her marriage with her first husband in good faith and not solely to evade the immigration laws of the United States.[1] The Department of Homeland Security ("DHS") then placed the respondent in removal proceedings and charged her with removability under section 237(a)(1)(D)(i) of the Act, 8 U.S.C. § 1227(a)(1)(D)(i) (2012), as an alien whose conditional permanent resident status was terminated.

After she was placed in removal proceedings, the respondent divorced her first husband in December 2014, and she married her second husband, who is also a United States citizen, in March 2015. The respondent's second husband filed a Petition for Alien Relative (Form I-130) on the respondent's behalf to accord her immediate relative status under section 201(b)(2)(A)(i) of the Act, 8 U.S.C. § 1151(b)(2)(A)(i) (2012). In 2016, the USCIS approved this petition.

Based on this approved petition, the respondent sought to adjust her status pursuant to section 245(a) of the Act during her removal proceedings. 8 C.F.R. § 1245.2(a)(1) (2018). The Immigration Judge denied the

---

[1] Pursuant to section 216(c)(3)(C) of the Act, the denial of the Form I-751 terminated the respondent's conditional permanent resident status.

respondent's application for adjustment of status after he determined she had failed to demonstrate that she is not inadmissible under section 212(a)(6)(C)(i) of the Act, because she willfully misrepresented the bona fides of her first marriage at her September 2014 interview before the USCIS.

The respondent argues on appeal that the Immigration Judge erred in concluding she failed to demonstrate she was not inadmissible under section 212(a)(6)(C)(i) of the Act based on her statements during her September 2014 interview with the USCIS. She maintains that the approval of the visa petition her current spouse filed on her behalf reflects that her first marriage was bona fide, negates any adverse consequences from the 2014 interview, and forecloses the Immigration Judge from relying on any misrepresentations during that interview. She additionally contends that the Immigration Judge clearly erred when he found that her testimony during her removal hearing bolstered the conclusion that she had misrepresented whether and when she resided with her first husband during the 2014 interview.

Thus, the issue in this case is whether the Immigration Judge correctly concluded that the respondent did not establish her eligibility for adjustment of status in removal proceedings—in that she failed to demonstrate that she is not inadmissible under section 212(a)(6)(C)(i) of the Act for willfully misrepresenting a material fact to procure a benefit under the Act—based on a misrepresentation she made at her interview with the USCIS, where she sought to remove the conditional basis of her permanent resident status. Because the respondent filed her first application to adjust her status with the USCIS and obtained a grant of conditional permanent resident status, we will discuss this process as it relates to her current application for adjustment of status before the Immigration Judge.

## II.  LEGAL BACKGROUND

### A.  Conditional Permanent Resident Process

The Act provides two ways by which the conditional basis of a permanent resident's status may be removed. First, the alien and the United States citizen spouse may file a joint petition to remove the conditional basis of the alien's permanent resident status, pursuant to section 216(c)(1) of the Act, during the 90-day period before the second anniversary of the date the alien obtained that status. 8 C.F.R. §§ 216.4(a)(1), 1216.4(a)(1) (2020); *see also Matter of Mendes*, 20 I&N Dec. 833, 834 (BIA 1994). Alternatively, the alien may file an application for a waiver of the requirement to file the joint petition under section 216(c)(4) of the Act, which provides three distinct

grounds to waive the joint filing requirement. 8 C.F.R. §§ 216.5(a)(1), 1216.5(a)(1) (2020); *see also Matter of Mendes*, 20 I&N Dec. at 834.[2]

If the USCIS denies the joint petition, it must provide written notice to the alien of the reasons for denial, and the DHS will issue a notice to appear, initiating removal proceedings. 8 C.F.R. §§ 216.4(d)(2), 1216.4(d)(2). While there is no appeal from the USCIS's decision, the alien may seek review of it by an Immigration Judge in removal proceedings where the DHS bears the burden to establish, by a preponderance of the evidence, that the facts and information set forth by the joint petitioners are untrue or that the petition was properly denied. *Id.* Similarly, if the alien spouse chooses to pursue a waiver of the requirement to file a joint petition, the USCIS must provide the alien with written notice of the decision on an application for a waiver of the requirement to file a joint petition. 8 C.F.R. §§ 216.5(f), 1216.5(f). If the decision is adverse, a notice to appear will issue and the alien may seek review of the denial in removal proceedings where she will bear the burden of proof. *Id.*; *see also Matter of Mendes*, 20 I&N Dec. at 838 (explaining that, in proceedings before an Immigration Judge, the burden shifts to the alien seeking a waiver of the joint petition requirement).[3]

## B. Application to Respondent

Following the approval of the visa petition filed by the respondent's first husband on her behalf, the USCIS granted the respondent's application for lawful permanent resident status on a conditional basis under section 216(a) of the Act. The respondent filed a joint petition with her first husband to remove the conditional basis of her permanent resident status, rather than independently file a waiver of the joint petition requirement. In addition, after being placed in removal proceedings, the respondent did not seek to lift

---

[2]  If a joint petition is no longer viable, a waiver of the joint filing requirement is available in the following circumstances: (1) extreme hardship would result if the alien is removed; (2) the alien spouse entered into the qualifying marriage in good faith, but the qualifying marriage has been terminated (other than through the spouse's death) and the alien was not at fault in failing to meet the requirements of section 216(c)(1) of the Act; and (3) the alien spouse entered into the qualifying marriage in good faith and, during the marriage, the alien spouse was battered or subjected to extreme cruelty by his or her spouse and the alien was not at fault in failing to meet the requirements of section 216(c)(1). 8 C.F.R. §§ 216.5(a)(1)(i)-(iii), 1216.5(a)(1)(i)-(iii); *see also Matter of Anderson*, 20 I&N Dec. 888, 890 (BIA 1994) (explaining the circumstances under which a waiver is available and the requirements for such a waiver).

[3]  An alien may supplement a joint petition or waiver with additional evidence if he or she seeks review of the USCIS denial before an Immigration Judge. *Matter of Herrera Del Orden*, 25 I&N Dec. 589, 595 (BIA 2011).

the conditions on her permanent resident status before the Immigration Judge. Rather, before the Immigration Judge, she sought to apply for adjustment of status under section 245(a) through her second marriage.[4]

## III. ANALYSIS

In removal proceedings, the respondent bears the burden of establishing her eligibility for adjustment of status under section 245(a) of the Act. Section 240(c)(4)(A)(i) of the Act, 8 U.S.C. § 1229a(c)(4)(A)(i) (2018); 8 C.F.R. § 1240.8(d) (2020). Section 245(a) of the Act provides, in pertinent part:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted . . . if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

The respondent has submitted an application for adjustment of status and made the required showing that she is eligible to receive an immigrant visa and that it is immediately available to her. However, the respondent must also demonstrate that she is clearly and beyond doubt entitled to be admitted to the United States and is not inadmissible under section 212(a)(6)(C)(i) of the Act. *See* sections 240(c)(2)(A), (4)(A)(i), 245(a) of the Act.

### A. Approval of Visa Petition

The respondent argues that, because the USCIS approved her current husband's visa petition, it must have necessarily concluded that the marriage fraud bar under section 204(c) of the Act, 8 U.S.C. § 1154(c) (2012)—which is triggered when an alien enters a prior marriage for the purpose of evading the immigration laws—does not apply. She asserts that the approval of this visa petition constitutes an implicit determination that her first marriage was bona fide. *See Matter of Tawfik*, 20 I&N Dec. 166, 167–68 (BIA 1990). Therefore, the respondent argues that the Immigration Judge erroneously determined that she is inadmissible under section 212(a)(6)(C)(i) of the Act based on a misrepresentation about her first marriage.

The bona fides of the respondent's current marriage are not in dispute. The USCIS did not deny the current visa petition for either a failure to meet

---

[4]   Termination of conditional resident status is not a bar to pursuing a separate application for adjustment of status. *Matter of Stockwell*, 20 I&N Dec. 309, 311–12 (BIA 1991).

the relevant burden of proof or fraud under section 204(c) of the Act.[5] The absence of a section 204(c) determination regarding the respondent's first marriage and approval of her current husband's visa petition does not mean evidence from the conditional permanent resident interview before the USCIS is no longer relevant. Rather, the evidence presented by the DHS about the respondent's unsuccessful attempt to remove the conditional basis of her permanent resident status remains relevant to the respondent's application in these proceedings. That the USCIS did not invoke section 204(c) of the Act in adjudicating the respondent's current husband's visa petition has no bearing on the respondent's admissibility to the United States—that is, whether the respondent made a willful misrepresentation of material fact at her 2014 interview with the USCIS to remove the conditions on her permanent resident status. We must therefore determine whether the respondent has met her burden of demonstrating in her removal proceedings that she is not inadmissible under section 212(a)(6)(C)(i) of the Act.

## B. Respondent's Burden

Section 212(a)(6)(C)(i) of the Act provides that "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission to the United States or other benefit provided under this Act is inadmissible." Fraud or a willful misrepresentation may be committed through the presentation of either an oral or written statement to an official of the United States Government. *Matter of Y-G-*, 20 I&N Dec. 794, 796 (BIA 1994). Fraud or a willful misrepresentation is not limited to "false testimony," which requires an actor to make a false statement under oath with the subjective intent of obtaining an immigration benefit. *Kungys v. United States*, 485 U.S. 759, 780 (1988). "Misrepresentations are willful if they are 'deliberately made with knowledge of their falsity.'" *Matter of A.J. Valdez and Z. Valdez*, 27 I&N Dec. 496, 498 (BIA 2018) (quoting *Matter of S- and B-C-*, 9 I&N Dec. 436, 445 (BIA 1960; A.G. 1961)). Information is "material" when it has a "natural tendency to affect[] the official decision" of an adjudicator, *Kungys*, 485 U.S. at 771, or "tends to shut off a line of inquiry . . . that would

---

[5] The respondent's current husband, as petitioner, could have appealed a denial of this visa petition to this Board. Had the USCIS invoked section 204(c) to deny the visa petition, it would have had the burden to prove by "substantial and probative evidence" that the first marriage was fraudulent from its inception. *Matter of P. Singh*, 27 I&N Dec. 598, 602 (BIA 2019) (discussing the USCIS's burden of establishing fraud to warrant the denial of a visa petition pursuant to section 204(c) of the Act). In contrast, as noted, the respondent bears the burden of proof in these removal proceedings to establish her eligibility for adjustment of status, which includes demonstrating that she is not inadmissible.

predictably have disclosed other [relevant] facts." *Matter of D-R-*, 27 I&N Dec. 105, 113 (BIA 2017).

The Director's September 10, 2014, denial of the respondent's joint petition to remove the conditional basis of her residence indicates that the respondent may be inadmissible to the United States pursuant to section 212(a)(6)(C)(i) of the Act. Therefore, the respondent bears the burden of proving, by a preponderance of the evidence, in these removal proceedings that this ground for denying her application for adjustment of status does not apply. *See* sections 240(c)(2)(A), (4)(A)(i), 245(a) of the Act; 8 C.F.R. § 1240.8(d).

### 1. Willful Misrepresentation of Fact

The Immigration Judge found, without clear error, that the respondent willfully misrepresented that, at the time of her September 2014 interview with the USCIS, she was residing with her first husband. Her testimony during her removal proceeding bolstered the other evidence the Director cited, showing a different residential address for the respondent, as the basis of his conclusion that the burden of proof had not been met. Specifically, the respondent stated during her 2014 interview that she was currently living with her first husband at an address in the borough of the Bronx in New York City. However, the respondent repeatedly testified during her removal proceedings that she lived with her former husband at this address only until the time of her divorce, which she said occurred in May 2014, as opposed to December 2014.[6] When asked about this discrepancy, the respondent repeatedly confirmed that she stopped living with her former husband in May 2014. Thus, the Immigration Judge did not clearly err when he found that the respondent misrepresented to the USCIS that, at the time of her September 2014 interview, she continued to reside with her first husband at the Bronx address. *See Cooper v. Harris*, 137 S. Ct. 1455, 1465 (2017) (holding that under clear error review, "[a] finding that is 'plausible' in light of the full record—even if another is equally or more so—must govern"); *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

The respondent made multiple unsuccessful attempts during her removal proceedings to explain this misrepresentation. In this regard, she testified that, as a consequence of financial stress, she engaged in a brief relationship with her current husband during her prior marriage. This relationship

---

[6]   The Immigration Judge additionally noted that although the respondent claimed she was living with her first husband at the Bronx address between 2010 and May 2014, she listed a different address on her 2013 tax returns.

involved a single physical encounter that resulted in the pregnancy and birth of a child in October 2013. The Immigration Judge's determination that this and the respondent's other explanations were unpersuasive is not clearly erroneous under the totality of the circumstances. *See Matter of O-M-O-*, 28 I&N Dec. 191, 196 (BIA 2021) (stating that an Immigration Judge is not required to "adopt an applicant's explanation for an inconsistency if there are other permissible views of the evidence" (citation omitted)). Thus, we will affirm the Immigration Judge's finding that, for purposes of adjustment of status in removal proceedings, the respondent failed to demonstrate that she did not make a willful misrepresentation of fact during her USCIS interview. *See* sections 212(a)(6)(C)(i), 240(c)(2)(A), (4)(A)(i), 245(a) of the Act; 8 C.F.R. § 1240.8(d).[7]

## 2. Materiality

Finally, we are unpersuaded by the respondent's argument that her misrepresentation of fact during the September 2014 interview was immaterial. To remove the conditional basis of her resident status, the respondent had to establish that her first marriage was bona fide and that she did not enter into it to procure her admission to the United States as an immigrant. *See Matter of Munroe*, 26 I&N Dec. 428, 430 (BIA 2014). The respondent's misrepresentation to the USCIS that she was residing with her first husband either had a natural tendency to affect what conclusions the USCIS official who interviewed her drew regarding these issues, or it tended to shut off a line of inquiry that would have disclosed relevant facts. *See Kungys*, 485 U.S. at 771; *see also Matter of D-R-*, 27 I&N Dec. at 113. We will therefore affirm the Immigration Judge's conclusion that the misrepresentation was material.

## IV. CONCLUSION

As discussed above, the process by which an alien may adjust his or her status to permanent residence depends on the category of adjustment of status an alien chooses to pursue. The burdens and standards of proof, and their allocation, vary depending on the category of adjustment chosen. The respondent first pursued adjustment of status before the USCIS based on a family-based visa petition her first United States citizen spouse filed on her behalf. Through this petition, she was granted permanent resident status on a conditional basis. From among other options, the respondent chose to file a joint petition with her first husband to remove the conditions on her

---

[7] The Immigration Judge noted that the respondent did not pursue a waiver of inadmissibility under section 212(i) of the Act.

permanent residence. The USCIS denied the joint petition because discrepancies arose during an interview before the USCIS regarding the validity of the respondent's first marriage, including that the respondent had not established that she was sharing a residence with her first husband at the time of the interview, as she had claimed. The USCIS then terminated her conditional resident status, and the respondent was placed in removal proceedings.

The respondent elected to rely on a different visa petition, which her second United States citizen husband filed on her behalf, to apply for adjustment of status before the Immigration Judge in removal proceedings. To establish her eligibility for adjustment of status in removal proceedings, the respondent bears the burden of demonstrating by clear and convincing evidence that she is not inadmissible.

The Immigration Judge properly relied on the willful misrepresentation of material fact the respondent made during her interview before the USCIS to remove the conditional basis of her permanent resident status in assessing whether, for purposes of adjustment of status, she was not inadmissible under section 212(a)(6)(C)(i) of the Act. Because the respondent made a willful and material misrepresentation about the bona fides of her first marriage during an interview with the USCIS, she has not met her burden of proving clearly and beyond doubt that she is not inadmissible under section 212(a)(6)(C)(i) of the Act. [8] Consequently, she cannot establish her eligibility for adjustment of status. Accordingly, the Immigration Judge's decision to deny the respondent's application for adjustment of status under section 245(a) of the Act is affirmed, and the respondent's appeal is dismissed.

**ORDER:** The respondent's appeal is dismissed.

**NOTICE:** If a respondent is subject to a final order of removal and willfully fails or refuses to depart from the United States pursuant to the order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the DHS, or conspires to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* section 274D of the Act, 8 U.S.C. § 1324d (2018); 8 C.F.R. § 280.53(b)(14) (2020).

---

[8] In light of this disposition, we need not address the respondent's other arguments.