**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TONGHAI HE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1276

Agency No.
A203-189-993

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023**
San Francisco, California

Before: SILER, WARDLAW, and M. SMITH, Circuit Judges.***

Tonghai He, a native and citizen of China, petitions for review of a Board

of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration

Judge's (IJ's) removability determination. As the parties are familiar with the

facts, we do not recount them here. We deny the petition.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the
Court of Appeals, 6th Circuit, sitting by designation.

1. The agency did not violate He's due process rights by accepting Jennifer Khov's withdrawal of support for the couple's Form I-751, filed on January 28, 2014. The petitioner alleges that United States Citizenship and Immigration Service (USCIS) officers engaged in inappropriate questioning at Khov's interview by reminding her that she was "on probation for DUI and that marriage fraud would jeopardize her future career." He also claims that the interview was unusually long. The petitioner contends that this questioning violated Khov's due process rights and, by extension, his own due process rights because the agency relied on evidence obtained through coercion to assess the latter's removability.

The petitioner fails to substantiate the alleged due process violations. He fails to explain how informing Khov about the legal consequences of committing marriage fraud amounts to coercion. *Cf. Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800, 804 (9th Cir. 2013) (affirming agency's determination that petitioner's confession was not coerced where petitioner was not mistreated, acknowledged he made such statements "voluntarily," was not physically abused, and held for approximately 28 hours). Moreover, the interview's relatively modest length does not establish coercion; officers interviewed Khov for some unspecified portion of the five hours total that they sequentially interviewed Khov and the petitioner after identifying discrepancies in their statements. Accordingly, the petitioner fails to show that "the proceeding was so fundamentally unfair that [he] was prevented from

reasonably presenting his case," and that the alleged violation "prejudiced his . . . interests." *Mendez-Garcia v. Lynch*, 840 F.3d 655, 665 (9th Cir. 2016) (citation and internal quotation marks omitted).[1]

2. Substantial evidence supports the agency's removability determination. *See Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017). The parties agree that, on September 12, 2014, Khov "signed a written affidavit which stated that her marriage to [He] was to help him stay in the United States" and that she "withdrew her support" for the Form I-751. "[W]hen one party makes a written withdrawal of support from a [Form I-751], the petition is considered not to have been filed." *Singh v. Garland*, 591 F.3d 1190, 1198 (9th Cir. 2010) (citing *Matter of Mendes*, 20 I. & N. Dec. 833, 838 (BIA 1994)). If a Form I-751 is not filed, a noncitizen spouse's conditional permanent resident status expires on the second anniversary of the date on which such status was initially granted. 8 U.S.C. § 1186a(c)(2)(A).

Khov's withdrawal of support is dispositive. He's two-year conditional permanent resident status has long expired. No other record evidence compels a contrary conclusion. *See Bringas-Rodriguez*, 850 F.3d at 1059. Accordingly,

---

[1] Nor did the BIA violate due process by failing to consider evidence of coercion. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (holding that "misstating the record and failing to mention highly probative or potentially dispositive evidence" indicates that the agency failed to consider all the evidence). Here, the uncited testimony He identifies regarding the length of Khov's interview, is inconclusive—not "highly probative or potentially dispositive." Moreover, the BIA did not "misstat[e] the record" by accurately quoting He's counsel's statements regarding the lack of evidence of coercion.

the IJ properly determined that He was removable. *See* 8 U.S.C. § 1127(d)(1)(D)(i)

3. The BIA did not abuse its discretion in denying He's motion to hold his appeal in abeyance pending adjudication of his newly-filed Form I-751 and intent to seek a hardship waiver. The petitioner argues that BIA precedent compels the agency to grant the motion. However, that precedent applies only where a noncitizen makes a showing of prima facie eligibility for such waiver. *See In re Stowers*, 22 I. & N. Dec. 605, 613–14 (BIA 1999) (holding that "where a[] [noncitizen] is prima facie eligible for a [hardship] waiver . . . and wishes to have his or her waiver application adjudicated by [USCIS], the proceedings should be continued in order to allow [USCIS] to adjudicate the waiver application"); *Mendes*, 20 I. & N. Dec. at 840 (noting "that when a respondent in [removal] proceedings has not filed an application for a [hardship] waiver . . . and is prima facie eligible for such relief, the proceedings should be continued"). He fails to show that he qualifies for any of the statutory grounds of a hardship waiver. *See* 8 U.S.C. § 1186a(c)(4)(A)–(D). He makes a bare assertion that he is "prima facie eligible for a waiver . . . because he entered into the marriage in good faith but the marriage was terminated due to divorce." But this assertion is directly contradicted by Khov's statement that the marriage was entered into to obtain marriage benefits, and He offers no persuasive reason to disregard that evidence. Accordingly, the BIA's determination is consistent with its precedent; the agency did not abuse its discretion in applying its own

4                                                                22-1276

standards.  *See Salgado v. Sessions*, 889 F.3d 982, 987 (9th Cir. 2018).

**PETITION DENIED.**