# Matter of Walter Gabriel BERNARDO, Respondent

*Decided February 7, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

When a petition to remove the conditions on residence is withdrawn before United States Citizenship and Immigration Services prior to adjudication, the Immigration Judge ordinarily cannot review the merits of that petition in removal proceedings. *Matter of Mendes*, 20 I&N Dec. 833 (BIA 1994), followed.

FOR THE RESPONDENT: Jessica Zagier Wallace, Esquire, Miami, Florida

BEFORE: Board Panel: GREER and LIEBMANN, Appellate Immigration Judges; PEPPER, Temporary Appellate Immigration Judge.

LIEBMANN, Appellate Immigration Judge:

In a decision dated August 29, 2019, the Immigration Judge denied the respondent's petition to remove the conditions on his permanent residence. *See* section 216(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1186a(c) (2018). The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Argentina, married a United States citizen and became a conditional permanent resident based on that marriage. Thereafter, the respondent and his wife jointly filed a Form I-751, Petition to Remove Conditions on Residence. His wife later withdrew the petition, alleging that the marriage was fraudulent. The respondent and his wife separated but are still married. United States Citizenship and Immigration Services ("USCIS") terminated the respondent's conditional permanent resident status and placed the respondent in removal proceedings.

The respondent requested that the Immigration Judge review the denial of the joint petition. The Immigration Judge denied the Form I-751 because the respondent had not demonstrated that he entered into a qualifying marriage with his wife. The respondent appealed, arguing that the Immigration Judge erroneously evaluated his eligibility for a waiver of the joint filing requirement rather than reviewing the joint petition.[1] We review

---

[1] A conditional permanent resident may seek a waiver of the joint filing requirement under section 216(c)(4) of the INA, 8 U.S.C. § 1186a(c)(4). The respondent, however, did not apply for a waiver before USCIS, and thus the Immigration Judge's analysis of this

the termination of the respondent's conditional permanent resident status de novo.  8 C.F.R. § 1003.1(d)(3)(ii) (2020).

A conditional permanent resident and his spouse may seek to remove the conditions of his residence by filing a joint petition with USCIS pursuant to section 216(c)(1) of the INA, 8 U.S.C. § 1186a(c)(1).  *See Matter of Mendes*, 20 I&N Dec. 833, 835 (BIA 1994).  If USCIS denies the joint petition, an Immigration Judge may review this decision.  *Id*. at 836.  However, when one of the parties withdraws support for the petition prior to adjudication, the petition is no longer a "joint" petition and is considered "not filed."  *Id*. at 837–38.  The respondent has the burden of proof in removal proceedings to show that the petition was properly filed under section 216(c)(1) of the INA, 8 U.S.C. § 1186a(c)(1).  INA § 216(c)(2)(B), 8 U.S.C. § 1186a(c)(2)(B); *Matter of Mendes*, 20 I&N Dec. at 838.

The respondent has not satisfied his burden of proof.  Although the respondent and his wife submitted a joint petition to remove the conditions on the respondent's residence, his wife subsequently withdrew the petition.  As required by the regulations, USCIS notified the respondent that his conditional resident status had been terminated because of the withdrawal and provided him with the derogatory information on which it relied to terminate his conditional resident status.  *See* 8 C.F.R. § 1216.3(a) (2024).  The respondent admitted the allegation in the notice to appear that his conditional resident status was terminated because of the withdrawal of the Form I-751 petition and conceded removability.  When a petition to remove the conditions on residence is withdrawn before USCIS prior to adjudication, the Immigration Judge ordinarily cannot review the merits of that petition in removal proceedings.  Thus, the respondent's Form I-751 petition was not properly before the Immigration Judge. *Cf. Matter of H. N. Ferreira*, 28 I&N Dec. 765, 769 (BIA 2023) (holding that an Immigration Judge should ordinarily review the denial of a properly filed Form I-751).

Despite admitting that his petition was withdrawn, the respondent requested that the Immigration Judge review USCIS' termination of his conditional permanent resident status, claiming that his wife withdrew the petition under duress because she was facing pending criminal charges.  Although the respondent testified about conversations he had with his wife following the withdrawal of the petition, his wife did not testify on his behalf nor provide an affidavit to support his assertion that she was coerced into withdrawing the petition.  The respondent also did not present any other evidence to support his claim.  Because the respondent has presented insufficient evidence to substantiate this claim, we do not need to decide

---

issue is not on point.  Additionally, the respondent is not eligible for the "good faith" waiver the Immigration Judge addressed in his decision because he and his wife remain married. INA § 216(c)(4)(B), 8 U.S.C. § 1186a(c)(4)(B).

whether the Immigration Judge had the authority to review his claim that the Form I-751 petition was withdrawn due to coercion.

Accordingly, the respondent has not shown that the Form I-751 petition was properly filed under section 216(c)(1) of the INA, 8 U.S.C. § 1186a(c)(1). *See Matter of Mendes*, 20 I&N Dec. at 837–38. Because the joint petition was not properly before the Immigration Judge, we will not reach the respondent's challenge to the Immigration Judge's denial of his motion for a subpoena. Regarding the respondent's claim that remand is necessary because portions of the transcript of proceedings were marked as indiscernible, he has not identified any testimony or information that is missing from the transcript that would alter the disposition of this case. *See Matter of Kagumbas*, 28 I&N Dec. 400, 406 (BIA 2021) (recognizing that a transcript with testimony marked as indiscernible will often not require a remand when the indiscernible testimony is not critical to the outcome of the case). We will therefore dismiss the respondent's appeal.[2]

**ORDER:** The appeal is dismissed.

---

[2] Given our disposition of this matter, we decline to address the respondent's request for supplemental briefing.